615 A.2d 90

**Dominick DILAURO, Appellant,**

v.

**ONE BALA AVENUE ASSOCIATES and Bala Realty Advisors, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 28, 1992.

Filed Oct. 19, 1992.

---

See also 357 Pa.Super. 209, 515 A.2d 939.

Alan B. Epstein, Philadelphia, for appellant.

Edwin L. Scherlis, Philadelphia, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Montgomery County, following a jury verdict in favor of appellees. Appellant filed his personal injury suit seeking compensation for the injuries he sustained when he fell down a flight of stairs which he alleged were negligently constructed and maintained by appellees. The jury found that appellees were not negligent. Herein, appellant contends: 1) The verdict was against the weight of the evidence; 2) The lower court improperly charged the jury on the doctrine of assumption of the risk; 3) The lower court improperly charged the jury that the stairs where appellant fell did not have to be corrected to conform with applicable safety codes;

and 4) The lower court improperly commented on the reasonable safety of the stairs in question. Having reviewed the record and the parties' briefs, we affirm.

First, we will address appellant's attack on the weight of the evidence. The standard for a weight of the evidence inquiry is whether the verdict is so contrary to the evidence as to shock one's sense of justice and right must be given another opportunity to prevail. *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985); *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 265 A.2d 516 (1970); *Smith v. Brooks*, 394 Pa.Super. 327, 575 A.2d 926 (1990), appeal denied, 527 Pa. 625, 592 A.2d 45 (1991). Instantly, the record reveals the following facts: Appellant filed this action against appellees after he fell down a flight of stairs at the building known as One Bala Avenue on February 16, 1982. The concrete stairs in question descended from ground level to a landing area on the other side of which was single glass door centered between sunken drainage areas. The stairwell was comprised of nine individual steps. Appellant slipped on either the second or third step and fell down the remaining stairs to the landing below. The stairs led to an office rented by appellant's employer and provided the only reasonable means of entry to the office.

The stairs were 132 inches wide. The risers ranged in height from 6½ inches to 7¾ inches, and the stair treads ranged in width from 9¼ inches to 9½ inches. Handrails were attached to both side walls of the stairwell.

Prior to his fall, appellant had used the stairs on at least several occasions. In fact, appellant testified that having descended the stairs before, he believed the steepness of steps presented a danger, and he knew he needed to traverse the stairs carefully. Yet, at the time of his fall, appellant admitted that he chose to descend in the center of the staircase and did not use either handrail. Appellant stated that he believed using the handrails would be more dangerous because leaves and other debris had accumulated along the walls beneath the handrails and in the drainage areas at the bottom of the stairwell. However, William Kahn, the building manager, who

was at the site immediately after the accident, testified that the stairwell was free of leaves and debris. A Lower Merion Township Police report confirmed Mr. Kahn's observations.[1]

There was also testimony from appellant and his expert that a person could not use the handrails all the way down the stairs because of the drainage areas. At the bottom of the stairwell, a person would have to release the rail and cross to the center of the stairs before entering through the doorway.

Appellant contends that he slipped on the stairs because they were too steep, the treads were not wide enough and there was no center handrail to grasp. In support of appellant's position, appellant's expert testified that the stairs did not comply with the safety standards set forth in the BOCA Basic Building Codes with regard to the height of the risers, the width of the treads and the absence of a handrail running down the center of the stairwell. However, it is undisputed that the building was constructed during the 1950's, at which time the building complied with all building codes. It is also clear that the BOCA Code was not adopted by Lower Merion Township until about 1972, and that it is not obligatory for the owners to retro-fit the building to comply with the BOCA Code.

■ Based on the foregoing facts, we find that there was ample testimony from which the jury could determine that appellees were not negligent. Further, the verdict does not shock our sense of justice, and, accordingly, it must stand. *Smith v. Brooks*, 394 Pa.Super. at 344, 575 A.2d at 935. The record reveals that the stairwell, erected during the 1950's, had been used for many years without incident. Appellant admitted that he was concerned that the stairs were too steep to descend safely, and, yet, he did not use either handrail on his way down the stairs. Finally, although the steps did not meet present BOCA Building Code standards, the stairs were constructed decades before that code was adopted in Lower Merion Township and were in compliance with all applicable codes at the time of their construction. The BOCA Code does

1. Mr. Kahn also testified that while leaves and debris did accumulate in the stairwell, they were cleaned out daily.

not require appellees to retro-fit the stairs to bring them into compliance with the modern code. Thus, this is not a case of negligence *per se*. Given those facts, it is entirely proper for the jury to have determined that appellees were not negligent.

Next, appellant contends not only that the trial court erred by instructing the jury on the defense of assumption of the risk, but also that the instruction was substantively incorrect as a matter of law. Appellant is correct that all affirmative defenses, including assumption of the risk, must be pleaded in a responsive pleading under the heading "New Matter". Pa.R.C.P., Rule 1030. However, the record does not indicate that appellant objected to the defense of assumption of the risk on the basis that it had not been properly pleaded.[2] Even assuming such an objection was properly lodged, we find that the lower court correctly permitted the defense. A trial court may on its own motion, permit or require amendment of a pleading, except where surprise or prejudice to the other party would result. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983); *Sullivan v. Allegheny Ford Truck Sales*, 283 Pa.Super. 351, 357, 423 A.2d 1292, 1295 (1980). Contrary to his present assertions, appellant was well aware before trial that the defense of assumption of the risk would be a central issue in this case. Appellees' trial brief is replete with references to "assumption of the risk". The facts of the case itself clearly indicate that appellant's act of descending the stairs (which he admittedly thought were dangerous) without using the handrails would be questioned. Finding no surprise or prejudice to appellant, it was entirely proper for the lower court to instruct the jury on assumption of the risk. By so doing, the court, in effect, permitted amendment of appellee's answer on its own motion.

**2.** The record does reveal that appellant was granted a general objection to all those points for charge which were submitted by appellees and which were actually given to the jury by the court. N.T., 6/5–6/91, p. 43. It is unclear from that objection whether appellant objected to the instruction on assumption of the risk on the grounds of timeliness, or that the substance of the instruction was incorrect or that the applicability of the doctrine of assumption of the risk has been questioned in Pennsylvania.

Turning to the substance of the court's instruction on assumption of the risk, we find no error. In his brief, appellant only quotes a portion of the court's instruction on assumption of the risk as it applied to the facts of this case. However, viewing the court's instruction on assumption of the risk in its entirety, we find that the instruction was a correct recitation of the applicable law. *Sweitzer v. Dempster Systems,* 372 Pa.Super. 449, 451, 539 A.2d 880, 881 (1988) (standard of review of jury instructions). See Jury Instruction, N.T., 6/5–6/91, pp. 61–62, 99–100, 108, 109.

In addition, appellant argues that assumption of the risk does not apply; rather comparative negligence principles govern this case. This is a similar argument to that raised before our Supreme Court in *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983), wherein our high court stated:

Appellee misperceives the relationship between the assumption-of-risk doctrine and the rule that a possessor of land is not liable to his invitees for obvious dangers. When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operated merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. See Harper & James, The Law of Torts, Vol. 2 § 21.1 (1956); Prosser, Law of torts § 68 at 440–446 (4th ed. 1971); Restatement, supra § 496A comment c & § 496C comments b, d, & e. By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. See *Joyce v. Quinn,* 204 Pa.Super. 580, 585–86, 205 A.2d 611, 613 (1964); *Smith v. Seven Springs Farms, Inc.,* 716 F.2d 1002 (3d Cir.1983). See generally Bohlen *Voluntary Assumption of Risk,* 20 Harv.L.Rev. 14 (1906). It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee assumed the risk of injury from a known and obvious danger is simply another

way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers. See *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978) (operator of baseball park owes no duty to guard against common, frequent, and expected risks of baseball; duty extends only to foreseeable risk not inherent in baseball activity).

Viewed in this context, appellee's claim based on the comparative negligence statute must fail. For fault to be apportioned under the comparative negligence statute, there must be two negligent acts: a breach of duty by the defendant to the plaintiff and a failure by the plaintiff to exercise care for his own protection. Whatever the effect of the adoption of a system of comparative negligence, the adoption of such a system has no effect where, as here, the legal consequence of the invitee's assumption of a known and avoidable risk is that the possessor of land is relieved of a duty of care to the invitee. See Schwartz, Comparative Negligence § 9.4 at 168–69 (1974).[6]

---

[6] Appellee also argues that the defense of assumption of risk was abrogated altogether by this Court's decision in *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981). In *Rutter*, Mr. Justice Flaherty filed an opinion urging the abrogation of assumption of risk as a defense, which was joined by Mr. Justice Larsen and Justice Kauffman. Chief Justice O'Brien concurred in the result. This writer filed a dissenting opinion as did Mr. Justice Nix, and Justice Wilkinson joined in both dissenting opinions. The reasoning of this opinion is consistent with the opinion of Mr. Justice Flaherty in *Rutter*, which specifically noted that a holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty. See *Rutter*, supra, 496 Pa. at 613, 437 A.2d at 1209. See also *Atkins v. Urban Redevelopment Auth. of Pittsburgh*, supra, 489 Pa. 344, 414 A.2d 100.

*Carrender*, 503 Pa. at 189, 469 A.2d at 125.

■ The present case is analogous to *Carrender, supra.* Appellant admitted that he was concerned that the stairs were dangerously steep and that he should proceed with caution. Nevertheless, appellant proceeded voluntarily down the center of the stairwell, rather than opt for the reasonably safe alternative course down the side of the stairwell while holding onto the handrail. Simply, appellees did not owe appellant a

duty to protect him from the "obviously" steep stairs or, in other words, appellant assumed the risk of descending down the center of the stairs. *Cf., Carrender,* 503 Pa. at 189, 469 A.2d at 125; *Malinder v. Jenkins Elevator and Machine Co.,* 371 Pa.Super. 414, 538 A.2d 509 (1988); *Ott v. Unclaimed Freight Co.,* 395 Pa.Super. 483, 577 A.2d 894 (1990).[3]

Moreover, our assessment of appellant's assertions of error regarding assumption of the risk is hampered by the nature of the verdict. The jury specifically determined that *appellees were not negligent.* Therefore, it is entirely possible that the jury determined that the stairs in question were not even dangerous, thus obviating the need to inquire further into the issues of the landowner's duty to invitees or assumption of the risk. In spite of his apparent concern with the instruction on assumption of the risk, appellant did not request a special verdict which would have clearly illuminated the basis upon which the jury determined that appellees were "not negligent." In view of appellant's failure to request special interrogatories which would have revealed whether the jury found the steps to be dangerous, whether appellees owed appellant a duty to protect him from the stairs or whether appellee assumed the risk, we cannot find error below upon which we would reverse the judgment. Even if we assume *arguendo* that the court erred in instructing on assumption of the risk, the fact that a viable theory of defense existed, i.e., the steps were not dangerous, requires our affirmance. See *Connelly Containers, Inc. v. Pennsylvania railroad,* 222 Pa.Super. 7, 292 A.2d 528 (1972) (where it could not be determined whether jury found for plaintiff on one of two viable theories or an erroneous one, failure of defense to request a special verdict required affirmance, especially in light of relative strength of legitimate theories of recovery); compare *Century 21 Heritage Realty, Inc. v. Bair,* 386 Pa.Super. 373, 563 A.2d 114 (1989) (reversible error for court to refuse special verdict request where one of two theories of recovery was erroneous).

**3.** For duty owed by a possessor of land to an invitees see Restatement (Second) of Torts, §§ 343, 343A.

Appellant also contends that the court erred when it instructed the jury that the stairs did not have to be corrected in order to conform with the construction codes in effect at the time of appellant's fall, specifically the BOCA Building Code. However, this allegation is belied by the record. Appellant's counsel specifically conceded that the BOCA Building Code does not require that structures constructed prior to the enactment of the Code be retro-fitted into compliance. N.T., 5/30/91, pp. 28–30; N.T., 6/4/91, pp. 196–197. Further, he did not object when the court instructed the jury that, "The BOCA Code is mandatory concerning the construction of buildings built after 1972. The BOCA Code does not require or obligate the owner of existing buildings to change the structure of a building to meet those recommendations, which may be set forth in that Code." N.T., 6/5–5/91, p. 105. Since appellant agreed at trial to the substance of that statement and failed to object to that instruction, we will not presently entertain this assertion of error. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).[4]

■ Finally, appellant complains that the trial court improperly commented on the reasonable safety of the stairwell. Specifically, appellant complains that the court suggested that a center handrail for a stairwell need only be supplied when there was a high amount of traffic on the stairs, thus, necessitating additional handrails. Testimony at trial indicated that the BOCA Code would require a center handrail on newly constructed stairs of the same width as those in question. However, our review of the record reveals that the court's comments were made in an effort to clarify hypothetical questions asked of both appellant's and appellee's experts. N.T., 5/30/91, pp. 53–55; 6/4/91, pp. 219–220. This is exactly the court's function. *Reimer v. Tien,* 356 Pa.Super. 192, 202, 514 A.2d 566, 571 (1986).

4. We note that the court did instruct the jury that, "If you find that there was a deviation from [the BOCA Code], it may be evidence of negligence which you should consider, along with all the other evidence presented on the question of whether or not the defendants were negligent." N.T., 6/5–6/91, pp. 80–81.

Having determined that appellant's assertions of error are without merit, we affirm the judgment entered in favor of appellees.

Judgment affirmed.