# Flicker v. James Sacks Inc.

C.P. of Montgomery County, no. 95-06352.

*Kevin J. Sommar,* for plaintiffs.
*John K. Shaffer,* for defendant.

TRESSLER, *J.,* July 10, 1996—Plaintiffs, Suni[1] Flicker, a minor, and her parents, Mark Flicker and Lyn Flicker, appeal from this court's order dated May 2, 1996, granting defendant's preliminary objections and striking their amended complaint with prejudice.

## FACTS

Taking the averments of the amended complaint as true, plaintiffs established the following facts. Plaintiff was enrolled in the Perkiomen School District. Defendant, James Sacks Inc., contracted with the school district to provide bus transportation for its students. Suni rode to her kindergarten class on the S-43 bus in the mornings. In the afternoon, instead of returning home, she took the D-44 bus to her baby sitter's house. Suni's mother gave the bus driver a note that read as follows:

---

1. Pronounced "sunny."

"February 24, 1994

Dear Bus Driver,

My name is Suni Flicker, my a.m. bus is S-43. I board the bus at Fulmer and Riverside Rds. Spring Mt. My after school bus is D-44. My stop is 12 Hendricks Rd., Perkiomenville. This is a yellow cape cod house almost across from the Lower Frederick Twsp. building. Noel Barber will be waiting for me.

Thank you

Lyn Flicker—mom

Suni Flicker—student"

Evidently, Suni's parents had not devised a contingency plan in case the school closed early. This unfortunate circumstance occurred on March 2, 1994, when snowfall, described in the complaint and amended complaint as "a serious snowstorm" and "a blizzard," forced Suni's school to close early. Suni was placed on the S-43 bus rather than the D-44 bus, and discharged at the bus stop near her home. The amended complaint does not state that it was the duty of Sacks, rather than the school district, to place Suni on the D-44 bus.

Admirably, although she was "confused, wet, cold and scared," the 5-year-old stood at the bus stop rather than wandering away. Approximately half an hour later, her older sister was discharged at the same location, and she took Suni home.

Meanwhile, Lyn Flicker had been waiting at the stop where the D-44 bus would have discharged her daughter, and was unable to determine Suni's whereabouts until after Suni had been discharged by the S-43 bus. The complaint avers that as a result of this incident, Suni acquired a fear of taking the bus to school, and Lyn Flicker suffered emotional distress. The complaint contains no averments that Suni, her mother or her father suffered any physical injury or physical manifestations of their emotional distress. At most, the complaint avers

388

Suni was wet and cold for a period of approximately one-half hour.

Plaintiffs filed their initial complaint March 29, 1995. Defendant filed preliminary objections in the nature of a demurrer on April 18, 1995. On October 3, 1995, the court held oral argument on the preliminary objections, and entered an order dated October 12, 1995, granting them. The order was docketed October 18, 1995, giving plaintiffs 20 days from that date to file an amended complaint. On October 20, 1995, plaintiffs filed a petition for reconsideration or clarification of the order granting Sacks' demurrer. The clarifying order, dated October 30, 1995 and docketed November 1, 1995, expressly stated that the demurrer was granted because plaintiffs failed to plead physical injury.

Plaintiffs did not wait for this court to address their motion seeking clarification, but rather filed the amended complaint November 1, 1995. When plaintiffs received notice of the clarifying order, they did not move to amend the complaint pursuant to Pa.R.C.P. 1033. When they later received notice that Sacks filed preliminary objections to the amended complaint, plaintiffs did not amend their complaint as of right within 10 days, pursuant to Pa.R.C.P. 1028(c). Instead, plaintiffs responded to the merits of the preliminary objections to the amended complaint. The ad damnum clause of plaintiffs' response to those preliminary objections did not ask for permission to amend the complaint a second time. After oral argument on the preliminary objections, this court entered the order dated May 2, 1996, dismissing the amended complaint with prejudice.

## ISSUES

Plaintiffs submitted a concise statement of matters complained of on appeal stating the court erred by:

(1) failing to accept as true the allegations of negligent conduct in the amended complaint;

(2) failing to accept as true the allegations of physical injury in the amended complaint;

(3) ruling that the amended complaint failed to state a cause of action by failing to aver physical injury to the minor plaintiff;

(4) raising, sua sponte, an issue regarding absence of physical injury;

(5) failing to accept as true the allegations of defendant's state of mind regarding punitive damages; and

(6) failing to afford plaintiffs an opportunity to file a second amended complaint.

## DISCUSSION

When deciding preliminary objections in the nature of a demurrer, the court must accept as true all well-pleaded, material facts in the complaint, and grant the plaintiffs all reasonable inferences that may be drawn from those facts. *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa. Super. 178, 184, 613 A.2d 1235, 1238 (1992). The first two items of the concise statement argue this court erred by not accepting the allegations of negligent conduct and physical injury in the amended complaint. However, as the facts above show, this court accepted as true all well-pled averments of fact in the amended complaint. Thus, this court did not err in the manner stated.

Plaintiffs next contend this court erred when it dismissed the complaint for failing to aver that the plaintiffs suffered physical injury. A trial court should sustain the demurrer when the law does not allow the plaintiffs to recover under the facts stated in their complaint.

*Id.* Plaintiffs' amended complaint sets forth four paragraphs averring damages. Paragraph 10 states that Suni was confused, frightened, wet and cold for a period of one-half hour or more after she was discharged from the bus. Paragraph 11 states that Lyn Flicker was "concerned and emotionally distressed" between learning Suni had been discharged from the S-43 bus and finding Suni at home. Paragraph 13 states Suni was afraid to take the bus to school for the remainder of the school year, and for the beginning of the next school year. Paragraph 14 states Lyn Flicker had to "make arrangements to drive [Suni] to school in the morning and to alleviate Suni's fear of taking the bus in the afternoon . . . ."

The amended complaint does not plead that the plaintiffs sustained any sort of physical injury due to an act of the defendant. At most, the amended complaint avers that Suni Flicker was cold and wet for a period of one-half hour or so after she was discharged from the bus. Consequently, the damages in this case consist only of the emotional distress the plaintiffs suffered as a result of the incident.

Under Pennsylvania law, plaintiffs may recover damages for negligent infliction of emotional distress under one of three theories: that the plaintiffs' emotional distress flowed from physical injury caused by a defendant (the "impact rule"); that the emotional distress befell a plaintiff who was in the "zone of danger" when another suffered a physical injury caused by a defendant; or that a plaintiff outside the zone of danger contemporaneously witnessed the serious injury or death of a close family member due to physical injury caused by a defendant. *Sinn v. Burd,* 486 Pa. 146, 152-53, 404 A.2d 672, 675-76 (1979).

With respect to Lyn and Mark Flicker, neither suffered physical injury, nor did either contemporaneously witness physical injury to Suni. Therefore, these plaintiffs cannot recover damages for emotional distress under any of the three theories. Consequently, this court did not err in granting Sacks' demurrer with respect to Lyn and Mark Flicker.

Suni Flicker did not witness injury to another. Therefore, the only issue that arises is whether being cold or wet for a period of approximately one-half hour allows Suni to recover damages for emotional suffering. Pennsylvania cases have allowed plaintiffs to recover damages for emotional suffering when they have sustained a physical injury, no matter how superficial. *Potere v. City of Philadelphia,* 380 Pa. 581, 589, 112 A.2d 100, 104 (1955). For example, in *Zelinsky v. Chimics,* 196 Pa. Super. 312, 175 A.2d 351 (1961), plaintiffs who were jostled when the automobile in which they were a passenger ran over a corpse on the highway were not barred as a matter of law from recovering damages for emotional distress.

Physical conditions diagnosed as hypothermia, frostbite, exposure or the common cold constitute injuries one may suffer as a result of standing in cold, wet, snowy weather. Plaintiffs, however, averred only that Suni was cold and wet. These conditions are not injuries: they are merely physical sensations, albeit unpleasant ones.

The Pennsylvania Supreme Court has carefully delineated the exceptions to the "impact rule" in order to balance the injustice of denying recovery to plaintiffs who suffer emotional distress against the problem of creating unduly burdensome liability. *Brooks v. Decker,* 512 Pa. 365, 369-70, 516 A.2d 1380, 1382 (1986). In the absence of clinical symptoms of illness, deeming

sensations of coldness and wetness as "injuries" sufficient to enable recovery of damages for emotional distress would open the door to the unduly burdensome liability the Supreme Court sought to avoid. Therefore, this court did not err in sustaining Sacks' demurrer as to Suni Flicker.

Plaintiffs next argue this court erred in raising the fatal defect in their pleading sua sponte. The court raised the existence of the defect when it granted plaintiffs' request for clarification of its order dated October 12, 1995, which had granted Sacks' demurrer to the original complaint. In essence, this court's order of October 12, 1995, especially as clarified by the order dated October 30, 1995, amounted to an order for plaintiffs to amend their pleadings. A trial court may on its own motion require a party to amend its pleadings unless doing so would surprise or prejudice the other party. *Dilauro v. One Bala Avenue Associates,* 419 Pa. Super. 191, 196, 615 A.2d 90, 93 (1992).

Essentially, plaintiffs ask this court to ignore a fatal defect in their claim, and allow it to progress through the court system, utilizing the resources of the court, the defendant and the plaintiffs themselves, for an endeavor ultimately doomed to failure. Such a course of action would harm judicial efficiency and squander the resources of both the parties and the public at large. This court raised the fatal defect in the complaint and the amended complaint as a matter of sound policy.

Regarding plaintiffs' claims for punitive damages, such damages are appropriate only in cases of outrageous behavior, where a defendant's conduct shows either an evil motive or reckless indifference to the rights of others. *Takes v. Metropolitan Edison Co.,* 440 Pa. Super. 101, 117, 655 A.2d 138, 142 (1995). Furthermore, a complaint must plead facts showing that

the defendant's conduct is outrageous. *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980).

The amended complaint pleads the following:

"(20) The conduct of the defendant, James Sacks Inc., its agents, servants, employees and/or representatives in discharging Suni Flicker in the middle of a snow blizzard without supervision and with full knowledge that she was being discharged at the wrong location, constitutes a gross and egregious breach of the responsibility to transport the school children.

"(21) The conduct of the defendant, James Sacks Inc., its agents, servants and employees or representatives in discharging Suni Flicker in the middle of a snow blizzard without supervision and with full knowledge that she was being discharged at the wrong location constitutes either a reckless indifference to the safety of Suni Flicker or represents an evil motive on the part of the defendant towards the care and well-being of Suni Flicker in violation of the duty owed as set forth in Count I of plaintiffs' amended complaint. Amended complaint, paragraphs 20-21.

While such averments may plead facts showing negligence or perhaps gross negligence, they do not give rise to an inference that Sacks acted with an evil motive, or was recklessly indifferent to Suni Flicker's safety.

Moreover, "[i]f no cause of action exists, then no independent action exists for a claim of punitive damages since punitive damages is only an *element* of damages." *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 101, 555 A.2d 800, 802 (1989). (emphasis in original) As the discussion above shows, the amended complaint was properly stricken. Therefore, no independent claim for punitive damages remains. Consequently, even

if this court erred in striking the count seeking punitive damages, it committed no reversible error.

Finally, plaintiffs assert that this court erred in failing to grant plaintiffs leave to file a second amended complaint. The order dated October 12, 1995, and docketed October 18, 1995, expressly gave plaintiffs 20 days to amend their original complaint. The clarifying order, dated October 30, 1995, expressly stated that the demurrer was granted because plaintiffs failed to plead physical injury. Plaintiffs did not wait for this court to address their motion seeking clarification, but rather filed the amended complaint November 1, 1995. When plaintiffs received notice of the clarifying order, they did not move to amend their complaint pursuant to Pa.R.C.P. 1033. When they later received notice that Sacks filed preliminary objections to the amended complaint, plaintiffs did not amend their complaint as of right within 10 days pursuant to Pa.R.C.P. 1028(c). Instead, plaintiffs responded to the merits of the preliminary objections to the amended complaint. The ad damnum clause of plaintiffs' response to those preliminary objections did not ask for permission to amend the complaint a second time. In light of these facts, this court assumed that plaintiffs failed to further amend their complaint, or request an opportunity to do so, because they could not truthfully aver physical injury. Under such circumstances, this court did not err in granting plaintiffs leave to submit a second amended complaint.

Upon consideration of the foregoing reasons, this court respectfully suggests that the order dated May 2, 1996 should be affirmed.