**Kathleen KIEHNER and Gregory Kiehner, Appellants,**

v.

**The SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1998.

Decided June 2, 1998.

Kevin P. Smith, Philadelphia, for appellant.

Suzanne McDonough, Philadelphia, for appellee.

Before COLINS, President Judge, and LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Kathleen Kiehner and her husband, Gregory Kiehner, appeal from an order of the Court of Common Pleas of Philadelphia County denying their motion for post-trial relief.

Kathleen Kiehner was employed by Macmillan/McGraw–Hill as an educational consultant. On October 27, 1994, Kathleen Kiehner arrived at the Abigail Vare Elementary School (School) to make a presentation to its faculty regarding the materials sold by her employer to the School District of Philadelphia (School District). Upon arrival, she ascended the stairs leading to the front door of the School building, carrying two canvas shoulder bags, a paper shopping bag, a small hand bag and a box containing printed materials. She then opened the front door to place her one foot inside the door. While attempting to pull the door open with the foot placed inside the door, she lost her balance and fell down the steps, sustaining injuries.

On March 10, 1995, the Kiehners commenced an action against the School District, alleging that her injuries were caused by the School District's negligence in failing to provide safe design of the stairs and the stairway landing, failing to make reasonable inspections of the School building, and failing to warn its invitees of the latent danger. The trial court subsequently bifurcated the issues of the liability and the damages. Following a trial on the issue of the liability, the jury returned a verdict in favor of the School District. The trial court subsequently denied the Kiehners' motion for post-trial relief seeking a new trial. The Kiehners' appeal to this court followed.[1]

The Kiehners first contend that the trial court committed a reversible error in rejecting their offer to present an expert's testimony that the stairway landing at the School did not comply with the Building Officials and Code Administrators National Building Code (BOCA Code) and other guidelines, requiring that the width of the stairway landings must be at least forty-four inches.

It is undisputed that the School was constructed in 1902 and that its stairway landing in question has the width of twenty-two inches. Kathleen Kiehner claimed that the stairway landing at the School was unsafe because it was narrower than the front door she was opening and that because of its narrow width, she had to step off the stairway landing to pull the door open, causing her to lose balance and fall down the stairs. The BOCA Code adopted by the City of Philadelphia (City) in 1991 requires the width of the stairway landings to be forty-four inches. However, the BOCA Code specifically permits existing structures, such as the School building, to continue without any change or remodeling.

The Kiehners' expert, John S. Posusney, stated in his report that the stairway landing at the School did not comply with the City Building Code in effect in 1949, the Guideline for Stair Safety published by the U.S. Department of Commerce in 1979, the past and current BOCA Codes and other guidelines, which uniformly require the width of the stairway landing to be at least forty-four inches wide. He further stated in the report:

It is my opinion within a reasonable degree of engineering certainty that the landing of the Abigail Vare School was foreseeably hazardous and dangerous as a result of its narrow width and this caused Kathleen Kiehner's accident. . . .

Since 1969, if a reasonable inspection was performed by a person having knowl-

1. This Court's scope of review of an order denying a motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. *Burger v. Borough of Ingram*, 697 A.2d 1037 (Pa. Cmwlth.1997).

edge of hazard recognition in means of egress facilities, the hazard of the narrow landing would have been recognized. As such, implementation of corrective maintenance would have increased the width of the landing and Kathleen Kiehner's accident would not have occurred.

It is also my opinion that the failure of the School District of Philadelphia to warn and guard from or eliminate this hazard exhibits a lack of supervision, lack of safety training and inspection, and a lack of a safety program necessary for the effective and safe maintenance of a premises. Their failure to detect this hazard and the elimination of the hazard, exhibits a lack of concern for the safety of Kathleen Kiehner on the day in question.

Report of John S. Posusney dated September 25, 1995.

At the trial, the Kiehners offered to present Posusney's testimony that the various building codes and guidelines uniformly require the width of the stairway landing to be at least forty-four inches. The trial court rejected the Kiehners' offer on the grounds that the forty-four inch requirement is inapplicable to the existing structures under the terms of the BOCA Code adopted by the City, and that the offered testimony based on the inapplicable requirement would unfairly prejudice the School District on the negligence issue.

The Kiehners argue that although the forty-four inch requirement is inapplicable to the stairway landing in question, such requirement is still relevant to the issue of the proper standard of care applicable to the School District.

It is well established that a decision to admit or deny evidence, including expert testimony, is a matter within the trial court's sound discretion; therefore, the trial court's evidentiary ruling will not be disturbed on appeal absent a manifest abuse of discretion. *Pikur Enterprises, Inc. v. Department of Transportation*, 163 Pa.Cmwlth. 251, 641 A.2d 11 (1994), *appeal denied*, 539 Pa. 657, 651 A.2d 543 (1994); *Tiburzio–Kelly v. Montgomery*, 452 Pa.Super. 158, 681 A.2d 757 (1996).

The facts in this matter are similar to those presented in *Dilauro v. One Bala Avenue Assoc.*, 419 Pa.Super. 191, 615 A.2d 90 (1992), in which the plaintiff sustained the injury when he slipped on the stairs in the building, which had been constructed in the 1950's complying with all applicable building codes. The plaintiff alleged that the stairs were unsafe because they were too steep and did not have a handrail, and the treads of the stairs were too narrow. The Superior Court held that the defendants were not required to retrofit the stairs to bring them in compliance with the current BOCA Code adopted by the township in 1972. *See also Copelan v. Stanley Co. of America*, 142 Pa.Super. 603, 17 A.2d 659 (1941) (the owner of the old theatre had no duty to remodel it periodically to conform it to the improved methods of construction as to design or materials to be used; where a structure, not obviously dangerous, has been in daily use for years and has uniformly been safe, its use may be continued without the imputation of culpable imprudence and carelessness). Likewise, the School District had no duty to retrofit or remodel its school buildings to bring it in compliance with the current BOCA Code, which permits the existing building to continue without any change.

Moreover, the factual circumstances underlying the condition of the stairway landing in this matter are well within the common knowledge of the layperson. When a witness is offered as an expert, the trial court must first determine whether the subject, on which the witness will express an opinion, is so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layperson. *Dambacher v. Mallis*, 336 Pa.Super. 22, 485 A.2d 408 (1984), *appeal dismissed*, 508 Pa. 643, 500 A.2d 428 (1985).

In *Burton v. Horn & Hardart Baking Co.*, 371 Pa. 60, 88 A.2d 873 (1952), the plaintiff slipped and fell on slightly wet terrazzo steps in the restaurant. The Supreme Court held that the trial court properly excluded the expert testimony that the steps were unsafe because they did not have an abrasive material and safety treads. The Court stated that "[e]xpert testimony is inadmissible when the

matter can be described to the jury and the condition evaluated by them without the assistance of one claiming to possess special knowledge upon the subject." *Id.* at 64, 88 A.2d at 875. *See also Miller v. Philadelphia,* 345 Pa. 1, 25 A.2d 185 (1942) (in actions against the city for injuries sustained in the city park while descending a sloping trail, the expert's opinion as to the unsafe construction and maintenance and the absence of a fence or guardrail was properly excluded, where the jury was shown the plan and the photographs of the scene).

The trial court in this matter permitted the Kiehners' expert witness to testify as to the measurements and description of the stairway landing. The jury was also shown the photographs of the stairway landing. Thus, the jury could evaluate such evidence and determine whether the stairway landing in question was unsafe for its normal use, without aid of the expert's testimony.[2]

■ Further, the offered expert's opinion that the stairway landing was unsafe due to its noncompliance with the BOCA Code and other guidelines and that the injury was caused by such unsafe condition would have misled and confused the jury and improperly impinged upon the jury's determination of the ultimate factual issues in the case. As the Supreme Court held, "[t]he [expert] witness can not be asked to state his opinion upon the whole case, because that necessarily includes the determination of what are the facts, and this can only be done by the jury." *Kozak v. Struth,* 515 Pa. 554, 559, 531 A.2d 420, 422 (1987) (quoting *Yardley v. Cuthbertson,* 108 Pa. 395, 450, 1 A. 765, 773 (1885)). Hence, the trial court did not abuse its discretion in excluding the offered expert's testimony.

■ The Kiehners next contends that the trial court failed to properly charge the jury as to the School District's duty owed to its invitees to make reasonable inspections of its property and discover and warn the dangerous conditions.

The trial court instructed the jury regarding the School District's duty as follows:

An owner of land, such as the Defendant in this case, is required to use reasonable care in the maintenance and use of the property. If you find that the Defendant has failed in this regard, this is negligence, which may make the Defendant liable for resulting damage. What is reasonable care depends on, and must be in keeping with the use expected to be made of the property.

A possessor of land is subject to liability for physical harm caused to invitees; and Ms. Kiehner was an invitee to the property. A possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor, the School District, in this case, knows or, by the exercise of reasonable care, would discover the condition and should realize that it involves an unreasonable risk of harm to invitees; and, also, should expect that the invitee will not discover or realize the danger, or will fail to protect themselves against it and, under those situations, the owner of land, the School Distinct, fails to exercise reasonable care to protect the invitee against the danger.

A possessor of land; the School District, in this case, is not liable to invitees for physical harm caused to them by a condition on the land whose danger is known or obvious to them, unless the possessor of land, the School District, should anticipate the harm despite such knowledge or obviousness on the part of an invitee.

April 26, 1996 Trial, N.T., pp. 278–79.

■ In Pennsylvania, a possessor of land is liable for physical harm caused to

---

2. The Kiehners rely on *Meehan v. Philadelphia Electric Co.,* 424 Pa. 51, 225 A.2d 900 (1967), to support their contention that although the BOCA Code is inapplicable, it may still be admitted to establish the standard of care owed by the School District. In *Meehan,* the expert witness during his testimony referred to the National Electric Code as the standard of care applicable to PECO. The Supreme Court held that although the National Electric Code, written by fire underwriters, was inapplicable to PECO, it was still admissible to shed additional light on the standard of care required in the installation and maintenance of electric wires. Unlike the installation and maintenance of electric wires involved in *Meehan,* however, the dimensions and conditions of the stairway landing are not matters beyond the common knowledge of the layperson.

834

invitees by a condition on the land if, but only if, he or she:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965); *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). The possessor of land, however, is not liable to the invitees for the injuries caused by any "condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1); *Carrender.*

Because the jury instruction given by the trial court adequately explained the applicable law on the duty owed by the School District to its invitees, as set forth in Sections 343 and 343A(1), the Kiehners' challenge to the jury instruction is without merit.

Finally, the Kiehners contend that the trial court erred in refusing to reconsider its previous discovery ruling that the School District's requests for admission should be deemed admitted for the Kiehners' failure to include a proper verification in their answer to the requests for admission.

On October 13, 1995, the School District served the following requests for admissions on the Kiehners:

*Request for Admission No. 1:*

Prior to October 27, 1994 there was no industry custom, practice or standard which would require that the Abigail Vare Elementary School building entrance be retrofitted so as to change the configuration of its doors, add handrails, or alter the width of the steps or landing.

*Request for Admission No. 2:*

Admit that the City of Philadelphia Building Code does not apply to a building constructed in the early 1900's such as the Abigail Vare Elementary School and that the Building Code does not require that existing buildings be retrofitted to conform with the BOCA Code.

The trial court subsequently ruled that the requests for admission should be deemed admitted because the Kiehners' counsel, not the Kiehners, verified the answer to the requests for admissions. The Kiehners argue that the requests for admission should not have been deemed admitted because they concerned legal, not factual, matters, and because Kathleen Kiehner was recovering from the injury and was not available to verify the answer.

■ However, we have already concluded that the School District was not required to retrofit the stairway landing to bring it in compliance with the BOCA Code. Further, the Kiehners do not dispute the inapplicability of the BOCA Code to the School building. Thus, even assuming that the trial court erred in refusing to allow the Kiehners to amend the verification in the answer, the refusal was a harmless error.

Since the trial court neither abused its discretion nor committed an error of law in denying the motion for post-trial relief, the order of the trial court is affirmed.

### ORDER

AND NOW, this 2nd day of June, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.