Nicole HOUDESHELL, a Minor, by and Through her Mother and Pennsylvania Natural Guardian, Brenda BORDAS, and Brenda Bordas, Individually, Appellants

v.

Max and Dorothy Anne RICE, Husband and Wife, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 2, 2007.

Filed Dec. 31, 2007.

Cary W. Valyo, Pittsburgh, for appellants.

John C. Dennison, Brookville, for appellees.

BEFORE: TODD, BOWES AND COLVILLE,* JJ.

OPINION BY BOWES, J.:

¶ 1 This is an appeal by Brenda Bordas individually and on behalf of her minor daughter, Nicole Houdeshell, from the judgment entered on a jury verdict in favor of Max and Dorothy Rice, Appellees, in this negligence action. In this appeal, Appellants question the propriety of two pretrial evidentiary rulings. We affirm in part and reverse in part. We vacate the judgment and remand for a new trial.

¶ 2 On January 29, 2004, Appellants instituted this action after the then eleven-year-old Nicole walked into a sliding glass door located on Appellees' property and suffered disfiguring facial injuries after the glass in the door shattered into large shards. Appellees' front and back yards were connected by a breezeway located between the house and the garage. Sliding glass doors, which were installed in 1958 with the use of plate glass, were located at either end of the breezeway. Nicole was injured by the door in the rear of the house.

¶ 3 On December 22, 2004, Appellees filed a motion *in limine* to preclude Appellants from introducing evidence about prior events involving the breakage of the sliding glass door located in the front of the house. After Appellants submitted their pretrial memorandum with expert reports, Appellees filed additional motions *in limine* to preclude introduction of evidence from an expert witness to the effect that Appellees should have installed safety glass prior to the incident that caused Nicole's injuries, that the use of plate glass has been illegal in Pennsylvania since 1971, and that current building and construction standards prohibit use of plate glass in sliding glass doors. On July 21, 2005, the trial court granted Appellees' first motion *in limine,* and on July 29, 2005, it granted their second motion. Appellants' request for interlocutory review of these two orders was denied by this Court, the case proceeded to jury trial, the jury found in favor of Appellees, and this appeal followed entry of judgment on the verdict.

¶ 4 The following is our standard of review:

When assessing the propriety of a ruling on a motion *in limine,* this Court applies the standard applicable to the particular evidentiary matter under consideration. *Delpopolo v. Nemetz,* 710 A.2d 92, 94 (Pa.Super.1998), *appeal denied,* 1999 WL 144492 (Pa. filed March 16, 1999). The admission or exclusion of evidence is a decision subject to the discretion of the trial court whose decision will not be disturbed absent a clear abuse of that discretion, or an error of law. *Campbell v. Attanasio,* 862 A.2d 1282, 1288–89 (Pa.Super.2004), *appeal denied,* 584 Pa. 684, 881 A.2d 818 (2005).

*Bugosh v. Allen Refractories Co.,* 932 A.2d 901, 913–14 (Pa.Super.2007).

* Retired Senior Judge assigned to the Superior Court.

¶ 5 The pertinent facts involving the prior incident are as follows. During his deposition, Charles Stine, Appellees' son-in-law, stated that he and Mr. Rice

> were in a heated argument. We were making wine. I come out of the door. He said, let's go. We're leaving. I do not remember where we were going. We were taking the TV somewhere. I picked up the TV. Swung around. He was supposed to open the door. He didn't. TV slipped out of my hands and went through the door.

Deposition of Charles Stine, 12/17/04, at 14. The glass in that door was replaced with safety glass.

¶ 6 In the present case, Appellees were subject to liability under Restatement (2d) of Torts § 342, which provides:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved

¶ 7 Appellants sought to introduce evidence about the prior incident to demonstrate that Appellees either knew or should have known that the glass in the door that injured Nicole could be broken into large glass shards and could be dangerous. The following law applies:

> In certain circumstances "evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury." *Stormer v. Alberts Construction Co.,* 401 Pa. 461, 466, 165 A.2d 87, 89 (1960). Such evidence will be permitted "for the purpose of establishing the character of the place where [the accidents] occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury." *Yoffee v. Pennsylvania Power and Light Co.,* 385 Pa. 520, 542, 123 A.2d 636, 648–49 (1956), *quoting Ringelheim v. Fidelity Trust Co.,* 330 Pa. 69, 71, 198 A. 628, 629 (1938). This limited exception, permitting the introduction of evidence of similar accidents, is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury. *Stormer v. Alberts Construction Co., supra* 401 Pa. at 466, 165 A.2d at 89.

*Whitman v. Riddell,* 324 Pa.Super. 177, 471 A.2d 521, 523 (1984).

¶ 8 Thus, evidence of a prior accident similar to the accident at issue in the cause of action is permitted if the prior accident proves constructive notice of a dangerous condition likely to cause injury to persons on the defendant's property. In this case, we agree with Appellants' contention that the breakage of the front door tended to establish that Appellees knew or should have known of the dangerous properties of the plate glass remaining in their other sliding glass door.

¶ 9 While Appellees imply that the prior incident was not similar because the television was pushed through the glass during a heated argument, we cannot agree with their characterization of Mr. Stine's deposition. Mr. Stine indicated that he was

holding the television and turned and the television slipped from his hands and went entirely through the glass in the door, shattering it. That glass was replaced with safety glass.

¶ 10 This evidence tended to establish that Appellees were aware that the glass in the sliding doors shattered easily when impacted because it contained dangerous plate glass and that safety glass was an available alternative. That incident was pertinent to Appellees' knowledge that their rear door was dangerous and to the question of whether they should have replaced the glass in the rear door with safety glass in order to ensure the safety of people who entered their property.

■ ¶ 11 We are not persuaded by Appellees' suggestion that the prior accident was irrelevant due to the passage of time between it and the present accident and because no one was injured after the TV fell through the glass. The incident gave rise to an inference of notice, and the fact that Appellants persisted in ignoring the condition of their property does not vitiate that notice. In addition, the fact that no one was injured in the prior incident was merely fortuitous. Hence, we conclude that the trial court misapplied our holding in *Whitman* when it refused to allow Appellants to present evidence regarding the events surrounding the shattering of the plate glass in the front door. Furthermore, the absence of this evidence clearly prejudiced Appellants because at trial, Appellees specifically disavowed any knowledge of the dangerous properties of the sliding glass door that injured Nicole. Hence, a new trial must be awarded due to the exclusion of this evidence.

■ ¶ 12 We now address the propriety of the trial court's refusal to allow the expert witness to testify that Appellees should have installed safety glass prior to the incident that caused Nicole's injuries.

In attacking the trial court's decision, Appellants suggest, "Whether safety glass should have been installed in the sliding glass door is not a matter within the common knowledge and experience of the average lay person." Appellants' brief at 21. They continue, "That determination requires an understanding of the different properties of standard plate glass and safety glass." *Id.* Appellants fail to recognize that the first proposition is entirely distinct from the second proposition. Whether Appellees "should have" replaced the plate glass with safety glass is a discrete inquiry from the properties of plate glass and safety glass. The trial court's order did not prohibit Appellants' expert witness from describing to the jury the different characteristics of the two types of glass and upon retrial, Appellants should be permitted to provide such an explanation to the jury.

¶ 13 Instead, the trial court's order precluded expert testimony about whether Appellees "should have" replaced the glass in their rear sliding door with safety glass. That question clearly pertained to the ultimate issue in this case, which was whether Appellees knew or should have known their plate glass door was dangerous and replaced it with safety glass. That issue was fully capable of being resolved by an ordinary lay person after being apprised of the differing traits of plate versus safety glass.

¶ 14 We conclude that the trial court properly tailored the proposed testimony of the expert witness so as to prevent that witness from testifying about the ultimate issue of Appellees' negligence in this action.

¶ 15 As our Supreme Court explained in *Kozak v. Struth*, 515 Pa. 554, 559, 531 A.2d 420, 422 (1987):

In Pennsylvania, experts have not been permitted to speak generally to the ultimate issue nor to give an opinion based on conflicting evidence without specifying which version they accept. These principles have been designed to permit the expert to enlighten the jury with his special skill and knowledge but leave the determination of the ultimate issue for the jury after it evaluates credibility.

¶ 16 It is true that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Pa.R.E. 704. Nevertheless, "the trial judge has discretion to admit or exclude expert opinions on the ultimate issue depending on the helpfulness of the testimony versus its potential to cause confusion or prejudice." *McManamon v. Washko,* 906 A.2d 1259, 1278–79 (Pa.Super.2006). Therefore, "the trial court will not be reversed in ruling upon the admissibility of testimony to the ultimate issue in the case unless the trial court clearly abused its discretion and actual prejudice occurred." *Childers v. Power Line Equipment Rentals, Inc.,* 452 Pa.Super. 94, 681 A.2d 201, 210 (1996) (quoting *Swartz v. General Electric Company,* 327 Pa.Super. 58, 474 A.2d 1172, 1178 (1984)). Herein, the trial court's decision was designed to avoid prejudice. It permitted testimony about the different characteristics of plate and safety glass but left to the jury's province the issue of negligence. Hence, we affirm its ruling in this respect. *Childers, supra.*

¶ 17 We also affirm the trial court's decision precluding evidence that since 1971, it has not been legal to install plate glass in new sliding glass doors and that current building and construction standards prohibit use of plate glass in sliding glass doors. These plate glass doors were installed in 1958, and the 1971 law did not apply to the door in question. Furthermore, Appellees are not contractors or builders or otherwise involved in the construction business. They would not have any reason to have knowledge of building codes and laws relating to permissible building materials. Hence, such evidence was not relevant to the issues presented in this case, which were whether Appellees knew or should have known of the dangerous condition of their property and failed to take reasonable care to resolve that condition.

¶ 18 In support of their proposition that this evidence was admissible, Appellants rely upon *Dilauro v. One Bala Avenue Associates,* 419 Pa.Super. 191, 615 A.2d 90 (1992). In that case, the trial court apparently allowed the introduction of evidence of building codes that were enacted after the building where the plaintiff was injured was constructed. However, in that case, we did not discuss the propriety of that decision because the jury rendered a decision in favor of the defendant, and the plaintiff appealed. Furthermore, the trial court in *Dilauro* specifically instructed the jury that the condition that caused the plaintiff to fall did not have to be corrected under the building codes enacted after the building was constructed. Clearly, *Dilauro* does not provide Appellants with relief herein. The 1971 law did not require replacement of the glass in the door installed in 1958, and Appellees were not aware of nor were they subject to the building codes in question. Hence, that evidence was not relevant herein.

¶ 19 Judgment vacated. Case remanded. Jurisdiction relinquished.