Stormer, Appellant, *v.* Alberts Construction Company.

Argued September 30, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, BOK and EAGEN, JJ.

*Robert X. Medonis,* with him *M. Victoria Geddis,* and *James L. Bowman,* for appellant.

*Sanford M. Chilcote,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellee.

OPINION BY MR. JUSTICE BELL, November 15, 1960:

Plaintiff, who was a passenger in the automobile of Leon Pettegrew, sued Alberts Construction Company which in turn joined as additional defendants Pettegrew, the driver of the car in which plaintiff was riding, and Fred Cannon, the owner of the automobile which Pettegrew ran into. The jury returned (1) a verdict in favor of the plaintiff against defendant Pettegrew in the amount of $15,000, and (2) a verdict in favor of the defendants Alberts Construction Com-

pany and Cannon. Plaintiff's motion for a new trial as to Cannon and the Construction Company was refused by the lower Court. Plaintiff appealed from the judgment entered on the verdict in favor of defendant Alberts Construction Company and the judgment in favor of Cannon.

The sole question involved is a very narrow one. Did the lower Court properly exclude evidence as to the occurrence of other accidents previous to the accident in this litigation? These accidents occurred (a) at different parts of the highway which was under construction and (b) within four or five days of this accident.

In order to answer the question involved, it will be necessary to recite the facts at some length. The accident occurred on the night of November 3, 1954. Pettegrew, the driver of the automobile in which plaintiff was riding in the front seat, was traveling north in the *easterly* lane of a three lane paved highway on Pennsylvania Highway Route No. 885 in West Mifflin Borough, Allegheny County. For some time prior to November 3d, Alberts Construction Company was engaged in laying a sanitary sewer in the *east* berm of Route 885. The excavated material was placed on the easterly half of the roadway. Flares and lights were placed in front of this excavated material to warn automobilists as they approached from the direction in which plaintiff was approaching. The westerly half of the roadway remained open for traffic and at night proper lights were placed along the westerly edge of the excavated material, as well as on top of it, for the purpose of marking its location for automobile traffic using the highway.

Plaintiff's automobile was, we repeat, traveling north and approached from the south side of the excavation; wooden signs were placed indicating the con-

struction and lights were placed on these signs. There was also a string of lights running from the south to the north along the westerly side of the excavated material and other lights running from the southerly end of the excavated material to the warning signs located south of the excavated material.

Pettegrew testified in behalf of plaintiff that he saw these lights when he was 250 feet away from them. He was not able to bring his automobile to a stop before running into Cannon's car and the excavated area. Pettegrew, who was (not only an additional defendant, but also) a plaintiff in his own action against Alberts Construction Company was nonsuited because his (and Stormer's) evidence demonstrated that he was sufficiently far away to have been able to stop his automobile without any accident if he had had it under proper control.

Plaintiff also produced three witnesses who lived in a nearby house, a distance of 250 feet directly west of the point where the accident occurred. According to their testimony the weather was clear, the highway was dry, and the lights or torches located on and above the excavated material on the highway were clearly visible.

Plaintiff also proved that the additional defendant Cannon, who had been driving his automobile in a northerly direction—the same direction in which plaintiff was traveling—saw the lights and brought his automobile to a stop at the south end of the excavated material twenty minutes to half an hour prior to the occurrence of plaintiff's accident. Because of motor trouble Cannon had to leave his automobile on the highway in order to get assistance or repairs. He moved one or two of the lights (which were placed at the southerly end of the excavation) to a position at the rear of his automobile. In spite of all the lights,

Pettegrew drove so negligently that he ran into and struck the Cannon automobile with such force as to knock it a distance of 20 feet or more and turn it upside-down in the excavation.

Defendant proved by two borough policemen that approximately one-half hour before the accident they had driven past this spot and found all the lights to be lighted and to be in proper position to warn motorists of the excavated condition of the highway. Two red lanterns and two torches were located in front of the highway barricade. The policemen returned to the scene of the accident shortly after 11:20 o'clock p.m. and found several of these torches still burning and located between the excavated material in a southerly direction, and the warning sign located south of the excavated material; they also found all of the lights along the westerly side of the excavation still burning, as were also some lights on top of the excavated material.

The Alberts Construction Company also called Cannon as a witness. Cannon testified that he saw these lights as he was proceeding in a northerly direction—the same direction as Pettegrew and plaintiff were traveling—and that he brought his automobile to a stop just in front of the southerly end of the excavated material. He testified that he moved one or two of the torches to the rear of his automobile and then proceeded on foot to obtain assistance. When he returned to the scene of the accident he found his automobile had been struck and was lying upside-down in the excavation. Alberts Construction Company also produced Roy Markon, a lawyer who is employed in the engineering department of the Federal government. Markon shortly before the accident saw the lights along the excavated highway as described by the police. He returned to the scene of the accident after it

occurred and corroborated the position of the automobile.

Under some circumstances where, for example, the cause of the accident or the defective or dangerous condition is unknown or disputed, evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury. In the instant case the defendant knew of this dangerous condition of the highway on which it had piled the dirt, and adequately and amply protected it with lights which both plaintiff's and defendant's evidence proved were clearly visible for more than 250 feet. To have admitted evidence in this case of prior accidents would have raised many collateral issues and confused the real issue, as well as the jury, and the exclusion of such evidence was neither an abuse of discretion nor an error of law: *Ferreira v. Wilson Borough,* 344 Pa. 567, 26 A. 2d 342; *City Products Corp. v. Bennett Bros.,* 390 Pa. 398, 403, 135 A. 2d 924.

Plaintiff claims that the negligence of defendant in placing dirt on this highway was, along with Pettegrew's negligence, a proximate cause of the accident, and evidence that there had been accidents at other times along this excavated highway was admissible (1) to impute constructive notice of this dangerous highway condition, as to which the Construction Company already had actual notice, and (2) to prove that defendant's alleged negligence was a concurring cause*

---

* On the subject of proximate cause and an intervening act which is a superseding cause, see *Kite v. Jones,* 389 Pa. 339, 344, 132 A. 2d 683; *Listino v. Union Paving Co.,* 386 Pa. 32, 124 A. 2d 83; *DeLuca v. Manchester L. & D. C. Co., Inc.,* 380 Pa. 484, 112 A. 2d 372.

of the accident. We agree with the Court below that there is no merit in plaintiff's contention. The cases cited by plaintiff, because of the material difference in their facts, are clearly distinguishable.

Judgment affirmed.