471 A.2d 521

**Orpha B. WHITMAN, Executrix of the Estate of Frank R. Whitman, deceased, Orpha B. Whitman, individually,**

**v.**

**Kenneth A. RIDDELL, Robert A. Boinske, Dorothy Ellen Boinske, and The City of Scranton.**

**Appeal of The CITY OF SCRANTON.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1983.

Filed Jan. 20, 1984.

Reargument Denied March 9, 1984.

Petition for Allowance of Appeal Denied Sept. 18, 1984.

Perry J. Shertz, Wilkes-Barre, for appellant.

Arthur L. Piccone, Scranton, for appellees.

Before SPAETH, President Judge, and POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court committed reversible error in allowing appellee to admit (1) evidence of 36 accidents and (2) correspondence between appellant and the Pennsylvania Department of Transportation. We agree that admitting evidence of the accidents was prejudicial error and, accordingly, reverse and remand for a new trial. We find no merit, however, in appellant's remaining contention.

This personal injury action arose from a June 6, 1978 accident in which the automobile driven by appellee's decedent collided with another automobile at the intersection of South Main Avenue and Washburn Street in Scranton. It is undisputed that the intersection's overhead traffic signal turned green in two directions at one time. Appellee brought suit individually and as executrix of decedent's estate against the driver and owners of the other car and against appellant, the City of Scranton. A jury trial resulted in a verdict solely against appellant. Post-verdict motions for a new trial were denied, prompting this appeal.

Appellant contends first that evidence of thirty-five prior accidents occurring at the same intersection was erroneously admitted.[1] "To constitute reversible error, a ruling on evidence ... must be shown not only to have been erroneous, but harmful to the party complaining." *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965). *See also Warren v. Mosites Construction Co.*, 253 Pa.Superior Ct. 395, 403–04, 385 A.2d 397, 401 (1978). Thus, appellant must demonstrate first, that it was error to admit the allegedly irrelevant evidence and, second, that it was prejudiced by the admission of the evidence. We agree that the evidence was irrelevant and prejudicial. In certain circumstances "evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a

1. The accident at issue was apparently one of those included among the 36 mentioned at trial.

defective or dangerous condition and the likelihood of injury." *Stormer v. Alberts Construction Co.*, 401 Pa. 461, 466, 165 A.2d 87, 89 (1960) (emphasis in original). Such evidence will be permitted "for the purpose of establishing the character of the place where [the accidents] occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury." *Yoffee v. Pennsylvania Power and Light Co.*, 385 Pa. 520, 542, 123 A.2d 636, 648–49 (1956), *quoting Ringleheim v. Fidelity Trust Co.*, 330 Pa. 69, 71, 198 A. 628, 629 (1938). This limited exception, permitting the introduction of evidence of similar accidents, is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury. *Stormer v. Alberts Construction Co., supra* 401 Pa. at 466, 165 A.2d at 89.

■ Here, appellee was permitted on direct examination, over appellant's objection, to introduce evidence of 36 motor vehicle accidents occurring at the intersection in question from 1965 through 1978. The evidence was limited by the lower court to the "plaintiff's claim that the City had notice that accidents had occurred at the intersection in question in this case." (N.T. at 576). On cross-examination, appellant was permitted to inquire as to the causes of 27 of the 36 noted accidents.[2] Appellee claims that the introduction of the number of accidents was necessary to demonstrate that the City should have been generally aware of the dangerous nature of the South Main and Washburn intersection. Appellee's theory of negligence, however, was that the lack of maintenance of the malfunctioning traffic signal could foreseeably result in accidents. Other accidents occurring at the same intersection from different causes do not necessar-

---

**2.** Once appellee was permitted to introduce evidence of the accidents occurring at the intersection in question, appellant sought to introduce details about the causes of some of the accidents and was partially successful. Contrary to appellee's assertion that appellant is now arguing the opposite of what it averred at trial, we agree with appellant that once the number of accidents was allowed into evidence, it was necessary, for rehabilitation purposes, to establish that the accidents all resulted from different causes.

ily constitute "similar accidents occurring ... under the same or similar circumstances ...." *Stormer v. Alberts Construction Co., supra,* 401 Pa. at 466, 165 A.2d at 89. In *Ferreira v. Wilson Borough,* 344 Pa. 567, 26 A.2d 342 (1942), the plaintiff was injured when the car in which she was riding was "jolted" as it crossed over a combination cross-walk/drain in the street. The court noted that "[t]he fact that an automobile was jolted in crossing a certain place in the street indicates little or nothing as to the condition of the street at that point until all the conditions which might have caused that jolt or contributed to it are first shown ...." *Id.,* 344 Pa. at 570, 26 A.2d at 344. The court stated further that:

> The chief objection to the admission of testimony as to happenings of similar accidents at the same place is that the fact of the accident may admit of being explained by other causes than the one sought to be established.

*Id.* Similarly, in the instant case, it appears that prior accidents at the same intersection were caused by various factors, none of which would have put appellant on notice that the traffic light in question was defective. *See also City Products Corp. v. Bennett Brothers,* 390 Pa. 398, 135 A.2d 924 (1957) (proof of other fires at defendant's work sites excluded because they could have resulted from other causes).

*DiFrischia v. New York Central Railroad Co.,* 307 F.2d 473 (3rd Cir.1962), upon which appellee relies, is distinguishable. There, the plaintiff sought to introduce evidence of eight prior accidents involving nighttime collisions between automobiles and defendant's trains at a particular railroad crossing. The trial court permitted introduction of the evidence "solely for the purpose of showing that the railroad had notice of the nature of the crossing ...." *Id.* at 476. The circuit court affirmed, finding that the trial court was within its discretion in allowing the evidence to establish "the character of the crossing and notice of it by defendant." *Id.* In *DiFrischia,* the evidence clearly consisted of "similar accidents occurring at substantially the

same place and under the same or similar circumstances" as the accident at issue. *Stormer v. Alberts Construction Co., supra* 401 Pa. at 466, 165 A.2d at 89. Because all of the accidents involved a nighttime collision at a railroad crossing between a car and a train, the defendant should have been on notice that the crossing was dangerous. Here, however, there is no common thread linking all 36 accidents to a malfunctioning traffic signal. Even if the City was put on notice of the generally dangerous nature of the intersection, it does not necessarily follow that it should have been on notice of the defective traffic signal in question. The "general" notice standard to which the defendant in *DiFrischia* was held differs from the "specific" or "particular" standard to which appellee would hold appellant. Unlike the similar circumstances linking the accidents admitted into evidence in *DiFrischia,* the prior accidents here resulted from causes wholly foreign to the cause at issue and raise many more collateral issues for the jury to consider. Notwithstanding the court's limiting instructions, the jury had to consider all of the various causes of accidents at an intersection, without the benefit of a common causation element. *See, e.g., Yoffee v. Pennsylvania Power and Light Co., supra* (evidence of three prior accidents allowed where all involved a wire strung across a river). Accordingly, we find that the admission into evidence of the 36 accidents was reversible error.

 Appellant contends next that the lower court erred in permitting appellee to admit, under the "admission" exception to the hearsay rule, correspondence between appellant and the Pennsylvania Department of Transportation. We disagree. A statement proffered by an out-of-court declarant, "solely for the purpose of proving the truth of the matter asserted," *Carney v. Pennsylvania Railroad Co.,* 428 Pa. 489, 492–93, 240 A.2d 71, 73 (1968), is inadmissible hearsay and will be admitted only under an exception to the hearsay rule. It has been held that "[a]llegations made in a letter responded to by the other party are considered in the light of declarations or conversations between the par-

ties and as such, properly admissible in evidence." *Tranter Manufacturing Co. v. Blaney*, 67 Pa.Superior Ct. 378, 381 (1917) (citation omitted) (letters involving contract between parties). *See also Beasley v. Burroughs*, 361 F.Supp. 325 (E.D.Pa.1973) (defendant responded to letters without contradicting or denying the factual assertions contained therein; letters held to constitute admissions); *Holler v. Weiner*, 15 Pa. 242 (1850) (letters permitted as evidence). Here, appellee introduced three letters written to the Mayor of Scranton from various Pennsylvania Department of Transportation officials and an excerpt from the Federal Highway Administration Program Manual on Highway Safety concerning the maintenance of traffic control devices. The letters at issue focused on deficiencies in appellant's maintenance of many aspects of its traffic safety system, including problems with the City's maintenance of its traffic signals. On April 12, 1979, the Mayor of Scranton responded to these letters and to the Pennsylvania Department of Transportation's review, stating that "The City of Scranton will correct their maintenance deficiencies as noted in the TOPICS follow-up review of March 15, 1979 starting on April 16, 1979." The letter then noted, among other things, that maintenance work would proceed at all the intersections reviewed and would include "replacing damaged visors, clean[ing] and replac[ing] damaged lenses, replac[ing] bulbs, replac[ing] contact points when needed and oil[ing] moving parts." Thus, appellant's response to the letters constituted admissions by appellant. In addition, appellant's receipt of and lack of response to the Highway Safety Manual excerpt and its accompanying letter is similarly admissible.[3]

We find no merit in appellant's contention that the admissions exception does not apply because the correspondence at issue was not between the parties. An admission

---

**3.** We do not find appellant's argument that the April 12, 1979 letter was not a response to the earlier Department of Transportation letters convincing. Both appellant's failure to reply earlier, and its reply stating that the deficiencies would be corrected, were admissions of traffic signal maintenance problems.

need not be made to the opposing party in order to be admissible. *See Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 102 n. 9, 337 A.2d 893, 903 n. 9 (1975) (memorandum written by defendant's agent to defendant's president admissible as substantive evidence).[4]

Accordingly, because we agree with appellant that the lower court erred in permitting evidence of the prior accidents, we reverse and remand for a new trial.

Reversed and remanded for a new trial. Jurisdiction is relinquished.

**4.** Appellant contends also that it was error for the lower court to permit appellee's expert, Frank Columbo, to testify as to his opinion of the cause of the traffic signal's malfunction. We find this contention waived. "Issues not raised in the court below are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). In appellant's post-verdict motions, the City challenged the court's "allowing Frank Columbo to testify as to his opinion." Appellant's brief in support of its motion for a new trial argued that facts contained in the hypothetical question from which Columbo formed his opinion were not supported by the record. However, appellant's brief before our Court asserts, for the first time, that Columbo should not have been permitted to testify as to the cause of the signal's malfunction. Because this issue has not been raised below, we need not address its merits.