**Shoucair v. Comfort Inn**

*Matthew A. Cartwright,* for plaintiffs.
*Joseph A. Murphy,* for defendants.

O'BRIEN, *J.,* August 14, 1992—On January 11, 1990, plaintiff Samuel Shoucair, a Pennsylvania State Policeman, filed a complaint seeking money damages from the defendant Comfort Inn for injuries sustained by him while arresting additional defendant Saturday Crump at the Comfort Inn in Bartonsville. The policeman alleged that his injuries were caused by the defendant's negligent failure to provide adequate security at the inn. Carol M. Shoucair

joined in the complaint making a claim for loss of consortium and the Comfort Inn joined Saturday Crump as an additional defendant. Following a three-day trial, a jury returned a verdict on June 10, 1992, finding that the defendant Comfort Inn was not negligent, thereby precluding any recovery by the plaintiffs. Plaintiffs filed a motion for post-trial relief in the nature of a motion for a new trial and a motion for judgment notwithstanding the verdict. Following the submission of briefs and argument before the court on August 3, 1992, plaintiffs' motion is now before the court for disposition.

Plaintiffs' sole contention in support of their motion is that this court erred in excluding evidence of prior acts of violence that occurred on the defendant's premises in the year prior to the incident in question. Since the Commonwealth Court has held that the exclusion of evidence cannot be the basis for judgment notwithstanding the verdict (*Hoffmaster v. Allegheny County*, 121 Pa. Commw. 266, 550 A.2d 1023 (1988)), our inquiry is limited to a determination of whether or not the plaintiffs are entitled to a new trial. The proper test for resolving a motion for new trial is whether the trial court committed a manifest abuse of discretion or a clear error of law in its evidentiary rulings. *Chanda v. Commonwealth*, 86 Pa. Commw. 532, 485 A.2d 867 (1984). Questions regarding the admission or exclusion of evidence are within the sound discretion of the trial judge. *Soda v. Baird*, 411 Pa. Super. 80, 600 A.2d 1274 (1991); *Engle v. West Penn Power Co.*, 409 Pa. Super. 462, 598 A.2d 290 (1991). In order to justify the grant of a new trial, the moving party must establish not only a clear abuse of discretion but also a showing of actual prejudice. *Den-Tel-Ez Inc. v. Siemens Capital Corp.*, 389 Pa. Super. 219, 566 A.2d 1214 (1989). Thus, only an erroneous exclusion of evidence which is material and prejudicial

is a basis for granting a new trial. *Eldridge v. Melcher,* 226 Pa. Super. 381, 313 A.2d 750 (1973).

In the case at bar, the evidence presented at trial established that defendant Comfort Inn was closed and locked at approximately 2 a.m. Ten to 20 minutes later, additional defendant Saturday Crump was chased onto defendant's premises by a group of people from Lee's Chinese Restaurant. When additional defendant reached the door, he found it to be locked. Defendant's employees assessed the situation, unlocked the door, and permitted additional defendant to enter the lounge. Once inside defendant's premises, additional defendant did not create any disturbances nor was there any problem with defendant's security guard. The State Police were called to the scene and entered defendant's premises after it had been unlocked. The plaintiff and Trooper Hontz, with the assistance of defendant's security guard, placed additional defendant under arrest. Plaintiff was allegedly injured while placing additional defendant under arrest.

Prior to trial, the defendant Comfort Inn filed a motion in limine seeking to preclude the plaintiffs from introducing computer summaries of prior incidents at the inn and any evidence of prior dissimilar incidents. This court reserved ruling on the motion until after the plaintiff had testified as to the particular circumstances involving his injury. Although the plaintiff was permitted to present the testimony of a manager of a security firm who previously provided security at the inn, that he had recommended a larger security force at the inn, we precluded the witness from testifying as to prior specific incidents. The testimony precluded would have described a number of completely dissimilar incidents including the following: On July 7, 1988, an undressed man attempted to enter the car of a female in defendant's parking lot; On July 9, 1988, a man threw a punch at another man while pa-

tronizing defendant's establishment; On August 4, 1988, a hit and run accident occurred in the parking lot while defendant's establishment was open to the public; On August 25, 1988, a fight occurred while defendant's premises was open to the public; On September 11, 1988, a man was in the ladies room in defendant's premises; On September 21, 1988, a stabbing occurred as three people were leaving defendant's parking lot; On September 29, 1988, a fight occurred in defendant's lounge while the premises were open to the public; On September 29, 1988, a tray was thrown at a waitress while she was working at defendant's bar; On October 2, 1988, a disorderly conduct incident occurred after a patron was cut off from alcohol; On December 3, 1988, a fight broke out on the dance floor involving patrons while defendant's premises were open to the public; On December 17, 1988, a fight broke out when non-hotel guests attempted to enter defendant's lounge at a time when only hotel guests were permitted to enter; On December 22, 1988, a security officer was assaulted by a patron while defendant's premises were open.

"Evidence of prior accidents or occurrences is generally relevant to show the existence of a defect or dangerous condition or to demonstrate ·knowledge on the part of the defendant that the hazard existed.... For such evidence to be admissible, however, the prior incidents must have taken place under the same or similar conditions." *Vernon v. Stash,* 367 Pa. Super. 36, 47, 532 A.2d 441, 446 (1987). In *Whitman v. Riddell,* 324 Pa. Super. 177, 471 A.2d 521 (1984), the Superior Court stated that "this limited exception, permitting the introduction of evidence of similar accidents, is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury." *Id.* at 181, 471 A.2d at 523. In that case the Superior Court held that it was reversible

error to admit evidence of 35 prior accidents occurring at a particular intersection. The court noted that other accidents occurring at the same place do not necessarily constitute "similar accidents occurring ... under the same or similar circumstances." *Id.* The prior accidents resulted from causes wholly foreign to the cause at issue and would raise many· collateral issues for the jury to consider.

In *Majdic v. Cincinnati Machine Co.,* 370 Pa. Super. 611, 537 A.2d 334 (1988), the Superior Court affirmed the exclusion of evidence regarding admissions by defendant of 64 prior accidents in a products liability case. Plaintiff attempted to introduce this evidence on the basis that the mere occurrences of these accidents served as notice to defendant of the dangerous propensities of the product and that defendant had a duty to warn those who used the machine of these dangers. The disallowance of the evidence was approved by the Superior Court due to the lack of information regarding the exact circumstances under which the other accidents occurred and the manner in which they were similar to plaintiff's accident. Thus, the burden as to the admissibility of the prior accidents was not sustained by plaintiff.

Plaintiffs cite *Murphy v. Penn Fruit Co.,* 274 Pa. Super. 427, 418 A.2d 480 (1980), and *Moran v. Valley Forge Drive-In Theater,* 431 Pa. 432, 246 A.2d 875 (1980), in support of their position. Both of these cases are security cases in which prior incidents were admitted into evidence. However, both cases involved victims who were patrons of defendants' respective establishments and injured while the premises were open for business. The prior incidents admitted into evidence involved similar events which would have put the business establishment on notice of a substantial safety risk to patrons. In the case at bar, plaintiff was a police officer responding to

a call, not a patron using the premises for its intended purpose. Plaintiff was injured on defendant's premises after it was closed and locked, not while it was open to the public. The cases are, therefore, factually distinguishable and not controlling.

In *Kerns v. Methodist Hospital,* 393 Pa. Super. 533, 574 A.2d 1068 (1990), the Superior Court affirmed a grant of summary judgment in a security case holding that a delivery man at a hospital failed to establish that the hospital was on notice of the particular threat which resulted in his injury. The Superior Court relied on the Supreme Court's reasoning in *Feld v. Merrian,* 506 Pa. 383, 394, 485 A.2d 742, 747 (1985), where the court stated:

"A tenant may rely upon a program of protection only within the reasonable expectancies of the program. He cannot expect that a landlord will defeat all the designs of felony. He can expect, however, that the program will be reasonably pursued and not fail due to its negligent exercise. If a landlord offers protection during certain periods of the day or night a tenant can only expect reasonable protection during the periods offered. If, however, during the periods offered, the protection fails by a lack of reasonable care, and that lack is the proximate cause of the injury, the landlord can be held liable. A tenant may not expect more than is offered. If, for instance, one guard is offered, he cannot expect the same quality and type of protection that two guards would have provided, nor may he expect the benefits that a different program might have provided. He can only expect the benefits reasonably expected of the program as offered and that that program will be conducted with reasonable care."

In the case at bar, a policeman called to a business establishment to make an arrest cannot expect that the

business establishment could take security precautions to preclude any incidental misconduct by the person to be arrested. Clearly such an incident was in no way similar to the prior incidents which the plaintiffs proposed to introduce in evidence at trial.

The plaintiffs also attempted to introduce evidence of prior incidents by having a State Police sergeant read from a computer summary of prior incidents at defendant's premises. Such testimony was precluded by this court not only on the grounds of relevance but also on the grounds of hearsay. In *Holland v. Zelnick*, 329 Pa. Super. 469, 478 A.2d 885 (1984), our Superior Court held that a police report prepared by an officer who did not witness the accident is inadmissible hearsay evidence. The same rule of law applies to the testimony offered in the case at bar by the sergeant who had no personal knowledge of the events concerning which he was to testify. Therefore, we conclude that plaintiffs' motion for post-trial relief should not be granted.

### ORDER

And now, August 14, 1992, plaintiffs' motion for post-trial relief is denied and judgment is entered in favor of defendant Comfort Inn, and against the plaintiffs Samuel Shoucair and Carol M. Shoucair, his wife.