J-A27038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN ESTERLY, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANFORD R. PORTER | : | |
| | : | |
| v. | : | |
| | : | |
| MERCEDES PERRINE | : | No. 690 WDA 2017 |

Appeal from the Order Entered May 2, 2017
in the Court of Common Pleas of Crawford County
Civil Division at No(s): No. AD-2014-88

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 11, 2018**

John Esterly, Jr. ("Esterly"), appeals from the Order (1) denying his Motion for entry of judgment in his favor or, in the alternative, for a new trial; and (2) directing the entry of judgment against him and in favor of defendant Sanford R. Porter ("Porter") and additional defendant Mercedes Perrine ("Perrine"). We affirm.

The trial court set forth the factual and procedural background underlying this appeal as follows:

This personal injury action stems from a vehicular accident in Meadville on the morning of Sunday, March 4, 2012, at the driveway of the First Christian Church ("the Church") on the east side of North Main Street Extension (Rt. 86). Porter was driving south on Rt. 86 and attempted to turn into the Church parking lot when his Toyota Camry became immobilized and was struck by a Mercury Mariner driven by Perrine, traveling in the opposite

direction (north on Rt. 86). Perrine's car then struck Esterly's Ford F350 truck, which was parked in the Church driveway. Esterly was sitting in his truck and claims to have suffered a shoulder injury as a result of the impact.

Esterly filed a Praecipe for Writ of Summons against Porter on February 13, 2014, and his Complaint on September 22, 2014. Porter moved on November 3, 2014, to join Perrine as an additional defendant. By Order filed March 4, 2015, Perrine was added as a party solely in regard to Porter's right, if any, to contribution.

On Perrine's [M]otion, and with Porter's approval and Esterly's opposition, trial was bifurcated as to liability and damages. The jury found that Porter was not negligent, thereby removing from its consideration whether Perrine and/or Esterly were negligent, as well as the parties' respective percentages of liability. This also eliminated the need for a damages trial. The verdict was entered on April 12, 2017, and Esterly's timely[-]filed [M]otion for post-trial relief was denied by the Order of May 2, 2017, that he now appeals.

Trial Court Opinion, 6/28/17, at 2.

Esterly filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Esterly raises the following issues for our review:

A. Whether the court below erred when it failed to charge the jury that Esterly had met his burden by proving that Porter had skidded across onto the wrong side of the road[,] and that it was Porter's burden to justify his presence on the wrong side of the road without any fault of his own[?]

B. Whether the lower court erred when it ruled that the Complaint lacked sufficient allegations to support a charge of violation of statute or negligence *per se*[,] and denied Esterly's [M]otion to amend to conform to the evidence[?]

Brief for Appellant at 5.

As Esterly's issues are related, we will address them together. In his first issue, Esterly contends that the trial court erred by refusing to instruct the jury regarding negligence *per se* and violation of statute.[1] *Id*. at 19-20. Esterly asserts that, when an accident occurs because the defendant was on the wrong side of the road, a presumption of negligence arises. *Id*. at 21. While Esterly concedes that an exception to the "right side of the road" rule exists for left turns, he nevertheless claims that the trial court failed to shift the burden of proving that exception from Esterly to Porter. *Id*. at 21-22. Esterly argues that, as soon as he proved that Porter was on the wrong side of the road when the accident occurred, the burden shifted to Porter to prove that his vehicle was there through no negligence of his own. *Id*. at 22. Esterly asserts that the trial court erred by determining that Esterly offered no evidence of speeding, or what a reasonable and prudent speed would be, and claims that this was an issue of fact to be decided by the jury as part of Porter's burden of proof. *Id*. at 27-28. Esterly contends that the trial court erred in its interpretation of *Bohner v. Stine*, 463 A.2d 438 (Pa. Super. 1983), and should not have ignored the legal precedent established

---

[1] In his proposed point for charge No. 4, Esterly sought a jury instruction under Pa.SSJI (Civ) 13.100 Violation of Statute-Negligence *Per Se*. In his proposed point for charge No. 5, Esterly sought a jury instruction under Pa.SSJI (Civ) 13.240 Justification Defense-Violation of Statute (Modified).

therein.[2]  Brief for Appellant at 25-26.  Esterly claims that the trial court incorrectly distinguished **Bohner** on the basis that (1) Porter's car had deliberately entered the opposite lane of travel; and (2) Esterly was not an injured motorist driving in the opposite lane.  **Id**. at 28.  Esterly points out that Porter claimed that his car had skidded out of control into the opposite

---

[2] In **Bohner**, the defendant admitted that his vehicle skidded into the oncoming lane of traffic and struck plaintiff's vehicle.  At trial, the jury returned a verdict in favor of the defendant.  **Bohner**, 463 A.2d at 440.  In post-trial motions, the plaintiff unsuccessfully argued that the jury was not properly advised that skidding on a wet roadway is not, in and of itself, justification for crossing the center line; and that the trial court's instructions regarding the shifting of the burden of proof to defendant, who had crossed the center line, was misleading.  **Id**.  On appeal, this Court reversed and remanded for a new trial, finding that the evidence offered by the defendant at trial, to justify the fact that his vehicle skidded into the oncoming lane of traffic, was insufficient to sustain a finding of no negligence.  **Id**. at 443.  The **Bohner** Court premised its determination upon the legal maxim that a driver crossing the center line of a roadway, and thereafter causing a collision, is negligent *per se*.  **Id**.  The **Bohner** Court noted that the only evidence offered by the defendant in an attempt to meet his burden of proof was that the road was wet, the car in front of him suddenly slowed down to make a turn, and there were wet leaves in certain places on the road.  **Id**.  The **Bohner** Court found that the condition of the roadway must be considered by a driver regulating his speed and controlling his vehicle.  **Id**. (citing 75 Pa.C.S.A. § 3361).  Furthermore, the **Bohner** Court noted that, under the assured clear distance rule, a driver must have his vehicle under such control, and operate it at such a speed, as to safely stop within the assured clear distance ahead.  **Id**.  The **Bohner** Court pointed to the testimony by the investigating officer that, immediately after the accident, the defendant admitted to panicking and hitting his brakes harder than he had to, thereby losing control of his automobile on the wet roadway.  **Id**.  After reviewing the evidence relevant to the reasons for the skidding of defendant's car, the **Bohner** Court determined that the verdict for the defendant was against the weight of the evidence, and on this basis reversed and remanded for a new trial.

lane. *Id*. at 29. Esterly argues that, "[a]t best, this was a factual matter to be determined by the jury." *Id*.

In his second issue, Esterly again challenges the trial court's rejection of his request to charge the jury on negligence *per se* and violation of statute on the basis that these terms were not used in the Complaint. *Id*. at 35. Esterly contends that the trial court's reading of the Complaint was unduly restrictive, and claims that Porter's negligence was pled in multiple paragraphs of the Complaint. *Id*. at 35-36. Esterly further contends that the trial court erred by denying his claim that Porter had waived any objection to Esterly's request to charge the jury on negligence *per se* and violation of statute by failing to raise an objection at the commencement of the case. *Id*. at 36-37. Finally, Esterly asserts that the trial court erred by "denying [his M]otion to amend the Complaint and allow a charge for negligence *per se* under the 'wrong side of the road' cases …." *Id*. at 39.

When reviewing a trial court's denial of a jury charge in a civil case, an appellate court must examine the trial court's instruction in its entirety, against the background of all evidence presented, to determine whether an error has been committed. *Buckley v. Exodus Transit & Storage Corp*., 744 A.2d 298, 305 (Pa. Super. 1999). A jury charge is proper unless, as a whole, it is "inadequate, unclear, or has a tendency to mislead or confuse the jury...." *Id*. at 305-06. Trial courts are not required to use the language of requested jury charges, but may utilize different formulations so long as they "adequately and clearly" cover their subjects. *Id*. at 306. The

court may refuse to submit for the jury's consideration a point for charge that is not strictly in accordance with the facts in evidence or the law in the case. *Id*.

As to charge for negligence *per se*, it may be required when it is shown that an individual violates a statute intended to prevent public harm, but while this establishes the elements of duty and breach, a plaintiff must still show that such negligence was the proximate cause of the injury suffered. *See Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1058-59 (Pa. Super. 2003).

> Our standard of review of a trial court's order denying a plaintiff leave to amend its complaint, ... permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion. The trial court enjoys "broad discretion" to grant or deny a petition to amend. Amendment of pleadings is governed by Pa.R.C.P. 1033, which provides: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."

*The Brickman Grp., Ltd. v. CGU Ins. Co.*, 865 A.2d 918, 926-27 (Pa. Super. 2004) (internal citations omitted). Further, the Pennsylvania Supreme Court has held "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (quoting *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 602 (Pa. 1983)). However, "where a party will be unable to state a claim on

which relief could be granted, leave to amend should be denied." ***The Brickman Grp., supra***, 865 A.2d at 927.

In its Opinion, the trial court addressed Esterly's issues, set forth the relevant law, and determined that the issues lack merit. ***See*** Trial Court Opinion, 6/28/17, at 11-15. We agree with the reasoning of the trial court, which is supported by the record and free of legal error, and affirm on this basis as to Esterly's issues. ***See id***.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/2018

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA

CIVIL ACTION – LAW

JOHN ESTERLY, JR.,
                Plaintiff

        V.

SANFORD R. PORTER,                    No. AD 2014 – 88
                Defendant
                                           (690 WDA 2017)
        V.

MERCEDES R. PERRINE,
                Additional Defendant

## Pa.R.A.P. 1925 OPINION

John F. Spataro, J.

      Plaintiff, John Esterly, Jr. (Esterly), appeals the Order entered in the above captioned case on May 2, 2017, denying his motion for the entry of judgment in his favor or, in the alternative, for a new trial, and directing the Prothonotary to enter judgment against him and in favor of the Defendant, Sanford R. Porter ("Porter"), and the Additional Defendant, Mercedes R. Perrine ("Perrine").[1] He has timely complied with our request, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, that he file a concise statement of errors complained of on appeal:[2]

---

[1] The Notice of Appeal refers only to the Order entered on May 2, 2017, of which there were two, but the other Order merely overruled as moot Porter's objection to Esterly's request for a transcript.

[2] Our Order dated and filed on May 11, 2017 (the day after Plaintiffs' notice of appeal was filed) ordered the filing of a concise statement within twenty-one days. Esterly's Statement was filed on May 22, 2017.

AD 2014 – 88

## BACKGROUND

This personal injury action stems from a vehicular accident in Meadville on the morning of Sunday, March 4, 2012, at the driveway of the First Christian Church (the "Church") on the east side of North Main Street Extension (Rt. 86). Porter was driving south on Rt. 86 and attempted to turn into the Church parking lot when his Toyota Camry became immobilized and was struck by a Mercury Mariner driven by Perrine, traveling in the opposite direction (north on Rt. 86). Perrine's car then struck Esterly's Ford F350 truck, which was parked in the Church driveway. Esterly was sitting in his truck and claims to have suffered a shoulder injury as a result of the impact.

Esterly filed a Praecipe for Writ of Summons against Porter on February 13, 2014, and his Complaint on September 22, 2014. Porter moved on November 3, 2014, to join Perrine as an additional defendant. By Order filed on March 4, 2015, Perrine was added as a party solely in regard to Porter's right, if any, to contribution.

On Perrine's motion, and with Porter's approval and Esterly's opposition, trial was bifurcated as to liability and damages. The jury found that Porter was not negligent, thereby removing from its consideration whether Perrine and/or Esterly were negligent, as well as the parties' respective percentages of liability. This also eliminated the need for a damages trial. The verdict was entered on April 12, 2017, and Esterly's timely filed motion for post-trial relief was denied by the Order of May 2, 2017, that he now appeals.

## ALLEGED COURT ERRORS

Esterly alleges (within the paragraphs of his Statement indicated below in square brackets) that the Court erred in the following, somewhat duplicative respects, listed in more or less chronological order:

2

AD 2014 – 88

1. Granting Perrine's motion to bifurcate the trial [¶ 32];

2. Denying his (Esterly's) motion in limine to preclude evidence "of prior accidents that occurred around the same time, or within the vicinity, of the [subject accident]" [¶ 35];

3. Ruling that his Complaint "lacked sufficient allegations to justify a charge of violation of statute and/or negligence *per se*" [¶ 21];

4. Ruling that his motion to amend the pleadings to conform with the evidence [and allege statutory violations and/or negligence *per se*] was barred by the statute of limitations [¶ 26];

5. Failing to permit him to amend the pleadings to conform to the evidence "under *Connor [v. Allegheny Gen. Hosp.*, 501 Pa. 306, 461 A.2d 600 (Pa. 1983),] and the averments of [Paragraph 8 of his] Complaint" [¶ 29];

6. Granting Porter's untimely objections to his motion to amend and denying the motion [¶ 28];

7. Refusing his proposed jury charge of negligence *per se* in violating the Vehicle Code offenses of "driving on right side of roadway" (75 Pa.C.S.A. § 3301) and "turning movements and required signals" (*id.* § 3334), requiring a directed verdict (Point No. 4) [¶¶ 18, 20];[3]

8. Refusing his proposed alternative jury charge (Alternative Point No. 3), which repeated Point No. 4, but omitted a request for a directed verdict [implied in ¶¶ 16, 18];

9. Refusing to charge the jury on negligence *per se* in violating the Vehicle Code offense of "driving vehicle at safe speed" (75 Pa.C.S.A. § 3361) [¶ 20];[4]

10. Refusing his proposed jury charge modifying the suggested standard jury instruction on Justification Defense – Violation of Statute (Pa.SSJI (Civ) 13.240), and reciting the Vehicle Code offense of "driving vehicle at safe speed" (75 Pa.C.S.A. § 3361) (Point No. 5) [¶ 18];

11. Refusing his proposed jury charge on the burden of proof incorporating his claim that Porter "violated the law" (Point No. 3) [¶ 18];

12. Failing to charge the jury that Porter was negligent *per se* "because [he] admitted to skidding across the roadway and into the opposing lane" [¶ 19(a)];

---

[3] Esterly's Statement errs in indicating that these two statutory violations are set forth in his Proposed Points Nos. 3 and 4; both statutes were instead presented in Proposed Point No. 4.

[4] Esterly's Alternative Proposed Point for Charge No. 5 is identical to his Proposed Point for Charge No. 4.

3

AD 2014 – 88

13. Refusing his (Esterly's) proposed jury charge for a directed verdict (Point No. 1) [¶ 12];

14. Refusing to charge the jury that he had met his burden of proof [¶¶ 18, 19(b)];

15. "[G]iving the jury a standard charge on negligence and burden of proof without charging on violation of law, negligence *per se* and the shifting of the burden to [Porter] to justify his presence on the wrong side of the road" [¶ 24];

16. Failing to charge the jury that "the burden shifted to [Porter] to justify his presence in the wrong side of the road without any fault of his own" [¶¶ 19(c), 24];

17. Giving the jury a standard negligence charge [¶ 18];

18. Charging the jury that the burden of proof remained with him (Esterly) throughout the trial [¶ 18];

19. Denying his post-trial motion for a directed verdict [¶¶ 13, 25, 30, 33, 36]; and "further" in

20. Ordering the entry of judgment in favor of Porter and Perrine [¶¶ 13, 25, 30, 33, 36].

## Bifurcation

The procedural rules allow a trial court, *sua sponte* or on motion of any party, to order a separate trial of any issue "in furtherance of convenience or to avoid prejudice."

Pa.R.C.P. No. 213(b). The Superior Court has provided the following guidelines:

> Before ordering the separate adjudication of issues, the court should carefully consider the issues raised and the evidence to be presented to determine whether the issues, here liability and damages, are interwoven. Bifurcation is discouraged in those cases in which evidence relevant to both issues would be excluded in one portion of the trial and would result in prejudice to the objecting party. However, bifurcation is strongly encouraged and represents a reasonable exercise of discretion where the separation of issues facilitates the orderly presentation of evidence and judicial economy, or avoids prejudice.

*Coleman v. Philadelphia Newspapers, Inc.*, 391 Pa.Super. 140, 146-47, 570 A.2d 552, 555 (1990) (citations omitted). Additionally, in personal injury cases, "[w]here liability

4

and damage issues are not interwoven, bifurcation may be used as a means to insure against taint of the jury through sympathy occasioned by knowledge of the severity of the injury." *Pascale v. Hechinger Co. of Pa.*, 426 Pa.Super. 426, 438, 627 A.2d 750, 756 (1993).

Perrine's bifurcation motion was filed on March 16, 2017, nearly a month before the trial. After reviewing Esterly's opposing brief and hearing argument, the Court on March 22, 2017, granted the motion. Esterly contends that the Court erred in bifurcating the action because "[t]he issues of liability and damages are interwoven and [Perrine] could not establish 'actual' or 'manifest' prejudice, only mere inconvenience" (Statement ¶ 32) (Error No. 1).

In deciding the motion, this Court was well aware of the issues and evidence to be presented, having in February of 2015 begun deciding matters raised by the parties. All parties were in agreement that Esterly's recovery, if any, was based solely upon his truck being hit by Perrine's car, and that Porter's Camry being in the middle of Rt. 86 was the source of the accident. It was apparent that the issue of liability (here, for negligence, in the sense of breach of a duty owed) could be decided separately, without the necessity of hearing evidence as to damages for personal injury, or whether those damages stemmed from the accident.[5] Negligence, in other words, was not interwoven with other trial issues.

Separating the threshold issue of negligence, and presenting damages evidence separately, avoided both jury confusion and possible sympathy from learning the extent of Esterly's injury and treatment. *Pascale, supra; Coleman*, 391 Pa. Super. at 147, 570

---

[5] The only expert testimony scheduled for trial pertained to the issue of damages from the impact, as did that of many of the other anticipated witnesses and all medical records and invoices listed as exhibits.

5

A.2d at 555-56 ("bifurcation minimized the possibility of jury confusion in discerning what evidence of damage was relevant to the threshold question of whether actual malice existed"). Bifurcation thus "facilitated the orderly presentation of evidence and avoided prejudice." *Ptak v. Masontown Men's Softball League*, 414 Pa.Super. 425, 430, 607 A.2d 297, 300 (1992) (approving bifurcation in a personal injury action where corroborating testimony of physicians was unnecessary because causation was undisputed, and because it insured that the jury's decision as to liability would not be tainted by sympathy for the plaintiff due to the severity of his injuries).

Because Esterly had not named Perrine as a defendant, she could only be held liable (for contribution) if Porter was negligent. Furthermore, under the comparative negligence statute, she would be liable only if Porter was more than sixty percent liable, and Porter could not be held liable if Esterly was more than fifty percent responsible for the accident.[6] *See* 42 Pa.C.S.A. §§ 7102(a), (a.1)(3)(iii). An initial determination of each parties' percentage of liability (as all parties requested) thus could potentially terminate the action, or at least excuse Perrine's participation in the damages phase, ending the complications associated with the joinder of an additional defendant.

The jury found that Porter was not negligent, and bifurcation therefore "facilitated judicial economy, as the second phase relating to damages was actually avoided." *Coleman*, 391 Pa.Super. at 147, 570 A.2d at 555-56. Pending at the time of trial, moreover, were multiple motions in limine regarding damage witnesses and calculations which, consequently, did not have to be argued and decided.[7]

---

[6] Esterly may have been negligent in parking at the entrance to the driveway, or his injury caused in reaching to open the passenger door with his shoulder harness engaged and his "arm up over the steering wheel" at the moment of impact. Transcript of Proceedings, Jury Trial, Day II (Transcript) 61-62.

[7] See Plaintiff's Brief in Opposition to Motion in Limine to Limit and/or Preclude Testimony of Mary Howick,

AD 2014 – 88

We find no support for Esterly's assertion that Perrine was required to show actual or manifest prejudice in seeking bifurcation.[8]  Insuring against potential jury prejudice, as in *Ptak*, may provide sufficient justification, but is not necessary; bifurcation may be appropriate "in furtherance of convenience *or* to avoid prejudice." Pa.R.C.P. No. 213(b) (emphasis added).  Esterly claimed that *he* would be prejudiced in being "prohibited from offering evidence to establish how the accident did in fact produce his shoulder injury and counter the defense on the hotly contested issue of causation."  Opposing brief at 4.  Because the first collision was acknowledged by all parties to be the cause of the second, the only contested issue of causation was whether the impact contributed to Esterly's shoulder injury and treatment.  *See generally Whitner v. Von Hintz*, 437 Pa. 448, 454-57, 263 A.2d 889, 892-94 (1970) (discussing proximate cause).  Evidence on that issue was not relevant to ascertaining liability for the accident, i.e., the issues, as noted above, were not interwoven.  Esterly could have offered his causation evidence at the second trial, had there been one. Moreover, he never sought to introduce such evidence at the trial, and thus his "case was not hindered in the least by the [C]ourt's decision to bifurcate." *Coleman*, 570 A.2d at 147, 570 A.2d at 556.

---

D.O., Plaintiff's Brief in Opposition to Motion in Limine to Preclude Causation Testimony of Dr. Mark Baratz, Plaintiff's Omnibus Brief in Response to Defendants' Motions in Limine as They Relate to Preclusion of Plaintiff's Evidence of Medical Expenses and Testimony from Plaintiff's Witnesses.

[8] Esterly's reliance, in his opposing and post-trial briefs, upon *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987) is misplaced. *Stevenson*, as the *Coleman* Court observed, was a bifurcated products liability case in which the trial court was not condemned for its original decision to bifurcate; the *Stevenson* Court held only "that the trial court's decision against bifurcation of the *new* trial was a reasonable exercise of its discretion." 570 A.2d at 554, 391 Pa.Super. at 144-45.

7

AD 2014 – 88

## Exclusion of Evidence

Evidence is considered relevant if it tends to make a fact that is of consequence to the determination of the action more, or less, probable than it would be without the evidence. Pa.R.E. 401. Relevant evidence is generally admissible, and "[e]vidence that is not relevant is not admissible." *Id.* 402. Evidence may be excluded even though relevant "if its probative value is outweighed by a danger of one or more of the following: Unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* 403. Evidence is unfairly prejudicial if it has "a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Wright*, 599 Pa. 270, 325, 961 A.2d 119, 151 (2008). "[T]he function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value." *Commonwealth v. Parker*, 882 A.2d 488, 492 (Pa. Super. 2005), *quoted in, e.g., Parr v. Ford Motor Co.*, 109 A.3d 682, 696 (Pa. Super. 2014).

Esterly's motion in limine to preclude Porter from presenting evidence regarding "prior accidents that occurred around the same time, or within the vicinity, of the [subject accident]" was denied following oral argument.[9] Order of March 6, 2017. Esterly claimed that prior accidents were irrelevant to Porter's defense, "as this type of evidence is generally only relevant to prove *notice* on the part of the negligent party," and "Porter was already on notice of the slippery conditions." Motion ¶¶ 12, 13 (emphasis in original). Porter, moreover, "ha[d] not produced any evidence of similarity between the anticipated testimony regarding prior accidents and the at-issue accident."

---

[9] By "prior accidents," Esterly meant "evidence or witness testimony of certain individuals who had attended the previous church service who experienced slippery road conditions and veered off the road in the vicinity of the accident location." Motion ¶ 7.

8

AD 2014 – 88

Motion ¶16.  Even if relevant, prior accidents should be excluded as unfairly prejudicial, confusing to the jury, or needlessly wasteful of the Court's time.  Motion ¶¶ 14-18 (Error No. 2).

Esterly's assertion that evidence of similar accidents is generally relevant only to notice is in reference to cases in which the *plaintiff* seeks its admission; here, it was anticipated that the defendant would proffer such evidence.  *See Spino.*, 448 Pa.Super. at 346, 671 A.2d at 735 (noting that "we have been unable to find a Pennsylvania appellate court decision directly addressing the admissibility of such evidence on the issue of causation in the *defendant's case*") (emphasis in original).  Vehicle accidents occurring at about the same time and place could make more probable Porter's defense that his predicament was the result of unanticipated road conditions.  *Cf. Spino v. John S. Tilley Ladder Co.*, 448 Pa.Super. 327, 347, 671 A.2d 726, 736 (1996) (holding that "the absence of any evidence of a prior product failure in a design defect case ... may be admitted if relevant to a contested issue of causation, under appropriate instructions from the court and subject to the exercise of the trial court's discretion as to the probative value of the evidence, where the requirement of substantially identical circumstances is satisfied"), *aff'd*, 548 Pa. 286, 696 A.2d 1169 (1997).  Rather than purpose, the guiding principal on admissibility should be whether the probative value of similar incidents, or lack thereof, exceeds the danger of confusion of issues.  *Cf. Spino*, 448 Pa.Super. at 347, 671 A.2d at 736 ("we agree that such evidence does raise concerns over creation of collateral issues and jury distraction"); *Whitman v. Riddell*, 324 Pa.Super. 177, 181, 471 A.2d 521, 523 (1984) ("This limited exception, permitting the [plaintiff's] introduction of evidence of similar accidents, is tempered by judicial

9

concern that the evidence may raise collateral issues, confusing both the real issue and the jury.").

The only evidence of other accidents introduced at trial was that a Jeep Cherokee was ditched on the north side of the entrance to the Church parking lot, and that there were tracks on the south side of the driveway showing that a vehicle had gone into a ditch there. Esterly himself, while testifying on own behalf, made the first reference to the ditched jeep in explaining how his truck came to be parked in the driveway, rather than a designated parking spot. Transcript at 61:21-22 (explaining that he stopped to offer assistance). This evidence was, therefore, relevant to Esterly's defense to the charge of contributory negligence. He was not prejudiced by the additional commentary on the issue he himself raised. *See* Transcript at 109, 138-40.

Defense counsel published to the jury a photograph of the other vehicle's tracks (admitted into evidence as Exhibit M over Esterly's objection). *Id.* at 141-43. The photograph depicts a somewhat broader area than that shown in the photographs already published to the jury and admitted into evidence as Plaintiff's Exhibits 1, 2, 8, and 9, on which those tracks are partially visible. *Id.* at 37, 40-41, 45, 47. The tracks were perhaps indicative of unanticipated road conditions that may have caused the subject accident, although no witness testified that they could have been attributable to road conditions. Surely Porter was nevertheless entitled to show where the wayward tracks in Esterly's exhibits led. Assuming arguendo, however, that this evidence should not have been admitted, it was not unfairly prejudicial to Esterly. *See Whitman*, 324 Pa.Super. at 180, 471 A.2d at 523 ("appellant must demonstrate first, that it was error to admit the allegedly irrelevant evidence and, second, that it was prejudiced by the

AD 2014 – 88

admission of the evidence").  The admission of one additional photograph did not waste

the Court's time, and could not have confused the jury.

## Negligence *per Se*

Most of the remaining allegations of error are in respect to our refusal to charge

the jury on violation of statute/negligence *per se*.  Esterly finds proof of negligence *per*

*se* in Porter's alleged violation of the following three Vehicle Code offenses:

1. Driving on right side of roadway.  Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: ... (5) When making a left turn as provided in sections 3322 (relating to vehicle turning left)[10] and 3331 (relating to required position and method of turning)...;[11]

2. Turning movements and required signals.  (a) General rule.—Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section ....; and

3. Driving vehicle at safe speed.  No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. §§ 3301, 3334, and 3361, respectively.

---

[10] Section 3322 of the Motor Code provides as follows: "The driver of a vehicle intending to turn left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard."

[11] Section 3331(b) provides as follows: "Left turn.—The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. Whenever practicable, the left turn shall be made to the left of the center of the intersection and so as to leave the intersection or location in the extreme left-hand lane lawfully available to traffic moving in the same direction as the vehicle on the roadway being entered."

11

AD 2014 – 88

Esterly cannot use the first offense – "Driving on right side of roadway" – to establish negligence *per se* because making a left turn is expressly excepted from its purview.    Porter was turning left into the Church driveway, and thus did not violate Section 3301.[12]

The second offense – "Turning movements and required signals" – seems inapplicable to left hand turns, which are specifically addressed by Sections 3322 ("Vehicle turning left," quoted at n.10, *supra*) and 3331 ("Required position and method of turning – Left turn," quoted at n.11, *supra*).  Even if Section 3334 were applicable here, a violation would not establish negligent *per se*.  A statutory violation can serve as proof of negligence *per se* only if the statute is "so specific as to leave little question that a person or entity found in violation of it deviated from a reasonable standard of care." *Shamnoski v. PG Energy, Div. of Southern Union Co.*, 579 Pa. 652, 671, 858 A.2d 589, 601 (2004).  The *Shamnoski* Court utilized Section 3361 in explaining this precept:

> Many statutes provide very general statements of what constitutes compliance or deviation, while others are quite specific.  The Motor [*sic*] Vehicle Code provides a useful example of the distinction.  Section 3361 of the Motor Vehicle Code contains the very general requirement that operators of motor vehicles drive at a "reasonable and prudent" speed[.] What constitutes a reasonable and prudent speed is unspecified; **since the statute essentially sets forth a traditional reasonable man standard, it would be impracticable to base a finding of negligence *per se* upon this provision**.  The very next section of the Code, however, sets forth the specific numeric limits on vehicle speed which every Pennsylvania driver must obey or be deemed at fault. *Id.* § 3362.  Section 3362 speaks in absolutes; there is no room for the flexibility of the reasonable man standard.  Exceeding the designated limit is, by statutory definition, unreasonable.

---

[12] Esterly never asserted that Perrine's vehicle was "so close as to constitute a hazard" when Porter attempted his turn, which would violate Section 3322; and Perrine's uncontradicted testimony was that "[Porter] had plenty of time to make that left turn." Transcript at 102:9-11.  The restrictions of Section 3331 (using the extreme left-hand lane and staying to the left of the intersection) are also not applicable here.

AD 2014 – 88

579 Pa. at 672, 858 A.2d at 601 (quotation of Section 3361 omitted; emphasis added). Section 3334(a) criminalizes turning "unless and until the movement can be made with reasonable safety," and thus "essentially sets forth a traditional reasonable man standard," the same as Section 3361.

The third offense – "Driving vehicle at safe speed," as the *Shamnoski* Court observed, cannot support a charge of negligence *per se*. Porter, moreover, was not shown to have violated Section 3361: Esterly offered no evidence of speeding, or what a "reasonable and prudent" speed would have been.[13]

Thus none of these three statutes provides a foundation upon which Esterly could assert negligence *per se*. All of his proposed jury charges on statutory violation/ negligence *per se* were accordingly rejected, as well as his requests for a directed verdict on such basis (Error Nos. 7 through 11).

In addition, it would have been pointless for Esterly to amend his Complaint, after the close of evidence, to include violation of statute/negligence *per se* when that cause of action did not exist with respect to these Vehicle Code offenses (Error Nos. 4-6). Esterly's counsel, moreover, never moved to amend, merely discussing that possibility in chambers. *See* Transcript of Proceedings Taken at the Time of Trial (April 12, 2017

---

[13] We do not agree with Esterly that Porter, in the following exchange at the conclusion of his testimony as on cross examination, admitted to speeding or to violating Section 3334(a):

*Question:* ... isn't it true that when you got to the point of making your turn, you were not concerned about the potential for slipperiness because, at that time, you knew you were going slow enough that you wouldn't have any problem negotiating a left turn?
*Porter:* I assumed at that point I was slow enough to make the turn safely.
*Question:* As it turned out, you didn't make that turn safely, did you?
*Porter:* No, I did not.
*Question:* So it turned out, isn't it true, sir, that your assumption was wrong?
*Porter:* I guess you could say that.

Transcript 49:2-14; *cf. id.* 25:24-25, 26:1 ("I was gradually braking as I approached the entrance to the church and – and slowed down enough to the point where I could assume I could make a left turn.").

13

AD 2014 – 88

Transcript) 4-21. The ruling that Paragraph 6 of the Complaint was insufficient to support a negligence *per se* cause of action (April 12, 2017 Transcript at 36:6-10) could not have been in error when, under *Shamnoski,* there is no such cause of action for either a Section 3334(a) turning or a Section 3361 speeding violation (Error No. 3).

Most of Esterly's remaining allegations of error (Nos. 12-18) concern his assertion that sliding across a highway into the opposite lane, thereby causing a collision, also constitutes negligence *per se,* and shifts the burden of proof from the plaintiff to the defendant.[14] His reliance upon *Bohner v. Stine,* 316 Pa.Super. 426, 430, 463 A.2d 438, 440 (1983) is misplaced. The negligence *per se* in *Bohner* was erroneously based upon a violation of Section 3361, contrary to the Pennsylvania Supreme Court's later directive in *Shamnoski.*[15] The defendant in *Bohner,* moreover, "admitted to panicking [when the car ahead of him suddenly slowed to make a turn] and hitting his brakes harder than he had to, thereby losing control of his automobile on the wet roadway." 316 Pa.Super. at 437, 463 A.2d at 443. Porter's car, in contrast, entered the opposing lane deliberately when he attempted a left hand turn. This was not a 'wrong side of the road' accident "where one car suddenly enters the lane of oncoming traffic and an accident occurs." *Fair v. Snowball Exp., Inc.,* 226 Pa.Super. 295, 298, 310 A.2d 386,388 (1973), and similar cases cited therein. Esterly was also not an injured motorist driving in the opposing lane; there was an intervening motorist (Perrine) whose negligence could have been responsible for the second collision. We perceived no inequity in Esterly bearing the burden of proof of Porter's alleged negligence; and in

---

[14] Esterly's burden shifting contention might explain why Perrine was not named as a defendant.

[15] This presumably explains why *Bohner* appears not to have been relied upon in any subsequent appellate decision.

14

AD 2014 – 88

the absence of negligence *per se*, the evidence did not entitle him to a directed verdict. The standard negligence instruction – applicable to all parties – was accordingly given.

Esterly's additional allegations of error, in regard to his post-trial motion and the entry of judgment (Nos. 19 and 20), reflect the rulings discussed above, which the Court believes to have been correctly decided.

## ORDER

AND NOW, this  28th  day of **June**, **2017**, the Court directs the filing of this Opinion in compliance with Pa.R.A.P. 1925(a)(1).

BY THE COURT,

_____
Judge

cc:  John W. McCandless, Esq., counsel for Plaintiff/Appellant
     R. Sean O'Connell, Esq., counsel for Defendant
     Paul E. Pongrace, III, Esq., counsel for Additional Defendant

faxed  6-28-17

15